HAYES ET AL. *vs.* COLLIER ET AL.

[PETITION TO PROBATE COURT AT A SUBSEQUENT TERM TO SET ASIDE DECREE OF INSOLVENCY.]

1. *Insolvent estate ; jurisdiction of probate court as to, when attaches.*—The jurisdiction of the probate court to declare an estate insolvent attaches on the reception of the administrator's report of insolvency.
2. *Declaration of insolvency ; when not void.*—A declaration of the insolvency of an estate, made by the probate court, after obtaining jurisdiction, can not be impeached as void for irregularities and omissions in the record.
3. § 635 *of Revised Code construed ; acts done by disqualified judge voidable merely.*—The judgment of a court, the presiding judge of which is interested in the cause, or related to either party, or h·ıs been of counsel, rendered without having the consent of the parties entered of record, is not void, but merely voidable.
4. *Same ; ministerial acts of disqualified judge involving no discretion, valid.*—Mere ministerial acts, involving no discretion whatever, done

by a judge disqualified from sitting in a cause by § 635 of the Revised Code, are not on that account invalid, or reversible for error.

APPEAL from the Probate Court of Limestone.
Tried before Hon. J. P. COMAN.

THE appellees, as creditors of the estate of J. Haywood Jones, applied by petition to the probate court, at a subsequent term, to set aside and annul an order of said court, appointing a day to hear and determine the report of insolvency of the estate made by the administrator, W. P. Tanner, and also the decree of insolvency rendered on said report. The grounds upon which the petition was based were as follows :

1st. The report and accompanying statements do not conform to the law requiring them. 2d. The subsequent proceedings were erroneous in the time set for hearing the report and the notice given the creditors. 3d. The judge before whom the proceedings were had, and who made the order and decree, was related within the fourth degree of affinity to appellant, Hayes, and to Hussey, by assignment from whom he claimed to be a creditor, and consequently could not file and take verification of their claims and determine whether they were creditors or not.

It appears from the record that at the February term, 1868, Tanner, administrator of the estate of Jones, reported the estate insolvent. Thereupon the court appointed the fourth Monday in March, 1868, which was the 23d day of the month, to hear and determine upon the matter of said report of insolvency, and ordered that the creditors be notified of the filing of the petition and the day set for hearing the same, by publication in the Athens *Post*. On the 25th day of March, 1868, the court rendered a decree declaring said estate insolvent. This decree recites that the administrator moved to declare said estate insolvent " in accordance with said report and statement." So far as the record shows, with the exception of the recital in the above minute entry, no statement, as required by § 2179 of the Revised Code, appears to have

been filed with the report. There is nothing in the record showing that notices had been posted, &c., or notices mailed to creditors whose residences were known. The presiding judge was son-in-law of Hussey, and brother-in-law of Hayes; but neither of these facts appeared of record.

The record does not show any continuance of the hearing of the said report of insolvency from the 23d to the 25th day of March.

The court granted the motion, and set aside and annulled said decree of insolvency, and hence this appeal.

W. H. WALKER, and WALKER & BRICKELL, for appellants. HOUSTON & PRYOR, contra.

[No briefs came into Reporter's hands.]

B. F. SAFFOLD, J.—The record shows that there was a report by the administrator of the insolvency of the estate, and that upon this report the decree of insolvency was founded. The jurisdiction of the court having thus attached, the decree is not void, no matter what might have been its fate in a direct proceeding to reverse it.—*Heydenfeldt v. Towns*, 27 Ala. 423; *Hine v. Hussey*, 45 Ala. 496. It is not claimed that the decree was rendered at a time when no court was authorized to be held.

The relationship of the judge to one of the creditors can not affect the filing and verification of his claims. The acts to be done by the judge are purely ministerial, involving no discretion whatever.—*Underhill v. Dennis*, 9 Paige, 202; *Heydenfeldt v. Towns*, 27 Ala. 423.

In addition to this, section 635 of the Revised Code should not be construed to render void the judgment of a court because the presiding judge was related to either party, or interested in the cause, or had been of counsel. It was not so by the common law, and this we regard as high authority. A system of law, the accretion of ages in practical application to human affairs, and so comprehensive as to furnish a remedy for the protection of every

right, and the redress of every wrong, may well indicate the construction of a statute the terms of which do not forbid the interpretation. The statute referred to does not declare void the acts of the judge, but expressly authorizes them, with the consent of the parties entered of record. If the omission of this entry is to annul the judgment, then it may be set aside indefinitely afterwards, notwithstanding the actual consent of the parties, by strangers whom its operation may impede. If parol evidence of such disability is admissible, then the judgment, and the rights accrued under it, become ever liable to defeat.

The judgment is reversed and the cause remanded.

[NOTE BY REPORTER.—The opinion in this case was delivered at the January term, 1871. By some means it was filed away in the record in the case of *Tanner, Adm'r, v. Hayes, et al.*, decided at the January term, 1872, and reported on pages 722-6 of this volume, which involved the question of the amendment *nunc pro tunc* of the decree of insolvency sought to be set aside in this case ; hence it is that this case was not reported earlier.]