# Trawick's Heirs *v.* Trawick's Adm'rs.

*Petition in Probate Court by Heirs to compel Administrators to make Final Settlement.*

1.  *Judgment rendered by judge related to parties to suit; effect of.*—A judgment rendered by a judge, who is related to any of the parties to the suit within the fourth degree, is reversible, or voidable, but is not void, and can not be set aside, when collaterally assailed.

2.  *Infants; chancery rule as to service of process on, does not apply to probate courts.*—While the rule in the courts of chancery requires personal service on infants, or some one for them, depending on the facts of the case, the rule is otherwise in the courts of probate, and a final settlement, made without personal service on the infant distributees, who were represented by a guardian *ad litem*, is valid.

3.  *Probate court has no jurisdiction to vacate voidable decree after term at which it was rendered.*—When a voidable decree is rendered by the probate court, on final settlement of an estate, and no appeal from it has been prosecuted, all its provisions and terms become *res adjudicata;* and, after the term at which it was rendered, the probate court has no jurisdiction whatever to vacate the decree, or retry the question therein settled.

[Trawick v. Trawick.]

APPEAL from Henry Probate Court.

Heard before Hon. J. W. FOSTER, Register in Chancery, the Probate Judge being disqualified to try the case.

On December 26, 1878, appellants, who are the children of F. D. Trawick, deceased, presented their petition to the judge of probate of Henry county, praying that G. N. and M. R. Trawick be cited to make a final settlement, as administrators of the estate of said F. D. Trawick. The petition alleged that said administrators made what purported to be a final settlement of said estate, on February 10, 1859, and that on June 10, 1870, their final settlement, and the decree rendered thereon, was vacated and annulled by said Probate Court, on petition filed by the appellants for that purpose. The administrators answered this petition, setting up the settlement made by them in 1859, and the decree rendered at that time. The petition on which the decree of 1870 was rendered, was based on the fact that the Probate Judge before whom the settlement was made, and by whom the decree was rendered, was related, within the fourth degree, to one of the administrators, and it averred that the proceedings and decree on said settlement were void. The record of the Probate Court, on the final settlement, does not show any personal service of process on the infant distributees, but the decree recites that the guardian *ad litem* (naming him) was notified, and was present *pendente lite.* The court dismissed the petition, and the decree is assigned as error.

J. WYATT OATES, and L. C. SMITH, for appellants.—The decree rendered by the Judge of Probate, who was related to the parties, was void. *Ellis v. Smith,* 42 Ala. 349; *Hine v. Hussey,* 45 Ala. 496; and *Hayes v. Collier,* 47 Ala. 726, are not correct expositions of the law, and should be overruled. Indeed, the very authorities cited in those cases show that judgments or decrees rendered by judges who are related to the partes, are void. In *Hine v. Hussey, supra,* the judge who delivered the opinion says, that the arguments are weighty, and the decisions abundant, to show that such decrees are void, but adds, that the purposes of justice will be best subserved by holding them to be voidable; thus overriding, by judicial construction, the intention of the legislature. The petition on which the decree of 1859 was vacated, gave the court jurisdiction of its subject matter.—2 Brick. Dig. 140, § 137. The court also had jurisdiction, by service of process on the administrators, and the judgment, or decree, vacating the decree of 1859 was *in personam.*—*Bland v. Bowie,* 53 Ala. 152. This latter judgment was properly rendered, and could not be collaterally assailed by appellees.

[Trawick v. Trawick.]

*Pettus v. McClannahan*, 52 Ala. 55. That question is *res adjudicata*, and can not be again raised in this court.—Freeman on Judg. §§ 96 and 249; 2 Brick. Dig. 145, §§ 203–209. The decree of 1870 could not be set aside at a term subsequent to that at which it was rendered.—*Griffin v. Griffin*, 40 Ala. 296; *Watson v. Hulto*, 27 Ala. 573. This court will presume that the decree was properly rendered.—*Morgan v. Morgan*, 35 Ala. 303. The case being within the jurisdiction of the court, all reasonable intendments will be made to support the decree.—1 Brick. Dig. 156, § 406. The record does not show that any service of the petition for final settlement was made on the infants, and the court appointed a guardian *ad litem*, before it had jurisdiction of their persons. This service will not support a decree divesting infants of title. *Atkinson v. McIntosh*, 63 Ala. 241.

W. C. Oates, J. G. Cowan, J. A. Corbitt, and J. A. Clendennin, for appellees.—The proceedings for final settlement, and the decree rendered thereon, in February, 1870, were, at most, only voidable.—*Hine v. Hussey, adm'r*, 45 Ala. 496; *Hayes et al. v. Collier*, 47 Ala. 726. At common law a decree rendered by a judge, who was disqualified to try the cause, did not render his judgment void.—*Dennis v. Grand Junction Canal Co.*, 16 Eng. L. and Eq. R. 63; *Heydenfeldt v. Towns et al.*, 27 Ala. 423. The statute of our State, or this State, must be construed in view of the common law, and is merely declarations of the common law. The decree of 1859 being only voidable, that of 1870, vacating it, was a nullity.—*Voorhees v. U. S. Bank*, 10 Peters, 449.

STONE, J.—It is settled in this State, that a judgment rendered by a judge, who is related to any of the parties in interest, within the fourth degree, is not, for that reason, void.—*Hine v. Hussey*, 45 Ala. 496; *Hayes v. Collier*, 47 Ala. 726. Referring to these two decisions, Brickell, C. J., in *Plowman v. Henderson*, 59 Ala. 559, said: " If we had doubts, even grave, of the correctness of these decisions, we could not be justified in departing from them." Such decision, by a judge thus related, is reversible, or voidable; but can not be set aside on collateral assault.—Freeman on Judgments, section 145; *Heydenfeldt v. Towns*, 27 Ala. 423.

It is objected, in argument, that when the settlement was made, in 1859, no personal service was perfected on the infant distributees. The rule in chancery requires personal service on the infant, or some one else for him, depending on the facts of the case.—Rule 23, Chancery Practice; *McIntosh v. Chambers*, 63 Ala. 241. The rule in the Probate

(18)

Court is different.—*Stabler v. Cook*, 57 Ala. 22; *Hutton v. Williams*, 60 Ala. 107.

The decree of the Probate Court, on final settlement, in 1859, being only irregular, and not void, and no appeal from it being prosecuted, all its provisions and terms become *res adjudicata*; and, after the term at which it was rendered, the Probate Court had no jurisdiction whatever to vacate the decree, or retry the questions therein settled.—*Cunningham v. Thomas*, 59 Ala. 158; *Hutton v. Williams, supra.* If timely application had been made, it is probable a writ of prohibition would have lain to restrain the action of the Probate Judge, as being without his jurisdiction.—*Ex parte Carswell,* 60 Ala. 378.

The rulings of the Register, acting for the Judge of Probate, who was incompetent, are strictly in accordance with these views.

Affirmed.