VICTORIA J. HUNDLEY, MARTHA J. STEPHENSON, W. P. VICK, MOLLIE L. BAIN, SUE B. VICK, MAYO VICK, HALL VICK, CLYDE VICK, MARTHA JOHNSON, MARTHA J. TURNER, F. L. HAMILTON, J. C. McKINNON, COUNTY JUDGE OF JACKSON COUNTY, FLORIDA, *Plaintiffs in Error*, v. THE STATE OF FLORIDA *ex rel.* JOHN MILTON, JR., ADMINISTRATOR OF MARY C. McKINNE, DECEASED, *Defendant in Error*.

A county judge is not disqualified to pass upon a contest over an annual accounting of an administrator by reason of the fact that the father of said judge is the attorney for the contestants who claim to be heirs at law of the decedent, and the compensation of the father is to be a percentage of all money or things of value which he may obtain for his clients from the administrator in the settlement of the estate, including a percentage of the proceeds and real estate which may descend to or be vested in them as such alleged heirs.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon* for plaintiffs in error.

No appearance for defendant in error.

COCKRELL, J.—A suggestion for writ of prohibition was presented to the Circuit Court for Jackson county, alleging that J. C. McKinnon, the County Judge of said county, was disqualified to pass upon a contest upon the allowance of certain credits claimed by John Milton, Jr., as administrator of Mary C. McKinnon, deceased, in his annual account. The contest was filed by the above named plaintiffs in error, other than the said J. C. McKinnon, claiming to be heirs at law of the said Mary C. McKinne, deceased. The ground of the alleged disqualification is stated to be that one D. L. McKinnon, father of the said J. C. McKinnon, represented some of the said contestants, as attorney at law, under an agreement with them whereby the said D. L. McKinnon is to be compensated only by being paid a percentage "of all monies or things of value which he may obtain for or on behalf·of each of said persons represented by him, from your petitioner in a settlement of the estate of the said Mary E. McKinne," including a percentage of the proceeds and real estate which may descend to or be vested in said persons as such alleged heirs. A demurrer to the suggestion for the writ of prohibition was overruled and the writ issued as prayed.

This case involves the construction of section 967, Revised Statutes of 1892, which reads as follows: "No judge of any court shall sit or preside in any cause to which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties, nor shall he entertain any motion in the cause other than to have the same tried by a qualified tribunal."

We are not favored with a brief by the defendant in error, and do not know upon what particular ground of disqualification the writ issued below, nor are we advised how the former decisions of this court were distinguished. Neither of the McKinnons was "a party" to the proceedings; that it is no ground of disqualification that a kinsman of the judge is interested in some property which is involved in the suit, such kinsman *not being a party to the suit*, was decided by this court in the case of *Williams v. Robles*, 22 Fla. 95. In *Sauls v. Freeman*, 24 Fla. 209, 4 South. Rep. 525, we held that a judge is not interested in a cause unless he has some property interest in the action or in its result. The property interest of the father is not that of the son, certainly not when the son is of age and emancipated as is the clear inference from the fact disclosed here that the son is the County Judge of Jackson county. Nor can there be a question of interest through heirship, since the living have no heirs. *Nemo est haeres viventis.* See *Patton v. Collier*, 90 Texas, 115, 37 S. W. Rep. 413.

We are not to be understood as holding that a judge is qualified to decide a cause wherein a kinsman, the real party in interest, sues in the name of another, because of some technical rule of the law, or because of sinister motives; such a case is not before us.

For the reasons above given, the court erred in overruling the demurrer to the suggestion and in awarding the writ. The judgment is reversed with directions to sustain the demurrer and for such further proceedings as may accord with law and this opinion.

HOCKER, SHACKLEFORD, WHITFIELD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.