JOHN MILTON, JR., AS ADMINISTRATOR OF THE ESTATE OF MARY E. McKINNE, DECEASED, APPELLANT, v. VICTORIA JANE HUNDLEY, ET AL., APPELLEES.

1. One who has been removed from the administration by the County Judge, having jurisdiction of the subject-matter and the parties, has no *locus standi* as administrator to file a bill for the purpose of having the estate administered in a court of equity.

2. To avoid the effect of *res judicata* upon the ground that the judge making the order was personally disqualified, such disqualification must be shown by averments of facts, not by mere legal conclusions.

This case was decided by Division A.

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Benj. S. Liddon,* for Appellant;

*D. L. McKinnon,* for Appellees.

COCKRELL, J.:  On September 12, 1905, John Milton, Jr., filed his bill as administrator of the estate of Mary E. McKinne, deceased, in the Circuit Court for Jackson County against Victoria Jane Hundley and numerous other heirs and claimants of the estate, praying that the chancellor assume jurisdiction of the administration of the estate and restore him as administrator from which he had been removed by the County Judge.  From the allegation of the bill it appears that Milton was appointed

administrator of the estate by the County Judge of Jackson County in July, 1901, but on a petition filed to that end was removed therefrom by the same tribunal in November, 1904, which order of removal stands unreversed and unmodified, though an abortive appeal to the Circuit Court was taken and dismissed. Several defendants interposed demurrers to the bill which were sustained, with leave to amend, from which interlocutory decree this appeal is taken.

The bill is not carefully drawn, consisting of conclusions of law rather than of issuable allegations of fact and we shall deal with but one proposition which appears to us conclusive against the bill as framed.    The complainant has failed to make out a *locus standi* as administrator to the relief prayed.

Having litigated before the County Judge, who has under the Constitution general jurisdiction in matters of probate and administration, and who had originally appointed him administrator, the question of his removal and that question having been definitely and finally adjudicated against him and his removal having been adjudged, he became *functus officio,* except in so far as the office is continued for the purpose of appeal, unless he can show want of jurisdiction.    An attempt was made to avoid the effect of *res adjudicata* by attacking the qualification of the County Judge to act in the particular case because his father was of counsel for some of the claimants, and is alleged vaguely to be interested in the result of the cause.    The order of removal was made in 1904, prior to the passage of Chapter 5398, Laws of 1905, prescribing disqualification of Judges and the specific facts as to the alleged interest which the Judge's father may have had in the result of the litigations, upon which it would

affirmatively appear that the Judge was disqualified, are not set forth.   Reference is made in the bill to a writ of prohibition that was instituted to test the fact of disqualification, but the bill fails to allege the final result of that proceeding and reliance is had upon the general averment of the legal conclusion.   As illustrative merely of the danger of relying on legal conclusions as to what constitutes a disqualification, it may not be amiss to cite the case of Victoria Jane Hundley *et al.* v. State *ex rel.* John Milton, Jr., as administrator of the estate of Mary C. McKinne, deceased, 47 Fla. 172, 36 South. Rep. 362, wherein it appears there was a divergence of views between this court and the Circuit Court as to whether specific facts caused a disqualification.

The County Judge had undoubted jurisdiction of the subject-matter and the parties, if not personally disqualified to act, and there was no facts set forth upon which to predicate a disqualification at the time the order was made.

The decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., took no part in the consideration of this case.