Shireman *et al. v.* Wildberger *et al.*

[87· South. 657, No. 21350.]

Judges. *Relationship to attorney not a disqualification; suggestion of disqualification must be made before trial unless knowledge acquired subsequently.*

Under section 165 of the state Constitution of 1890, a judge is not disqualified to sit in a case pending before him merely because he is related to an attorney in the case. To constitute disqualification the attorney related to the judge must be interested in the subject-matter, or *res* of the suit. A party desiring to suggest the disqualification of a judge in a case must do so before the trial of the case, unless his knowledge of the facts of disqualification was acquired subsequent to the trial of the case.

Appeal from chancery court of Coahoma county.

Hon. G. E. Williams, Chancellor.

Motion to vacate judgment. Motion denied.

For former opinion, see 87 So. 131.

Ethridge, J., delivered the opinion of the court.

This case was affirmed on a former day, and this motion is filed to vacate the judgment because it is alleged that Sam C. Cook, Jr., is a member of the firm of Cutrer, Cutrer & Cook, who represented the appellees in this court, and that the said Sam C. Cook, Jr., is a son of Judge Sam C. Cook of this court, a member of the division which rendered the judgment of affirmance; and that the firm of Cutrer, Cutrer & Cook have a contingent interest in the recovery in said suit, but that the precise interest that the said firm had in the recovery appellants are not advised, but that they are advised and so charged that the said firm of which Sam C. Cook, Jr., is a member are interested in the recovery herein and suggesting the disqualification of Judge Sam C. Cook and asking that the judgment be vacated.

The affidavit filed in support of the motion by the appellant alleges that one of the appellees, Mrs. Roseboom, is represented by Cutrer, Cutrer & Cook of Clarksdale, Miss., and that said firm is composed of J. W. Cutrer, J. C. Cutrer, and Sam C. Cook, Jr. "Affiant further states on oath, on information and belief that the said firm of Cutrer, Cutrer & Cook have a contingent interest in the recovery of the amount sued for in the above-styled cause, that is to say that if the appellees in said cause are successful in having said cause affirmed in the supreme court of the state that the said firm of Cutrer, Cutrer & Cook will obtain thereby a large sum of money as their contingent interest in the amount recovered." The affidavit nowhere states that such knowledge of interest was not known to the appellant and their attorneys prior to the submission of the case to the court, nor prior to the decision affirming the said judgment herein, nor does it state what information the allegation is based upon, nor when nor how it was obtained further than to allege that a printed civil docket of the February term of the circuit court of the Second judicial district of Coahoma county, Miss., shows that there is such a firm as Cutrer, Cutrer & Cook engaged in the practice of law and that they are listed as counsel for a number of plaintiffs and defendants.

Sam C. Cook, Jr., filed an affidavit in answer to this motion stating that he is not a member of the firm of Cutrer, Cutrer & Cook, and that he has no knowledge of any such firm, but that he is employed on a salary in the office of J. W. Cutrer, and that he is not advised as to J. W. Cutrer's interest in the subject-matter or the litigation, but that he is not interested therein, and that the recovery of the judgment would have no effect upon him one way or the other.

He further makes affidavit that before the case was called for argument that he disclosed to E. C. Brewer, one of the attorneys for the appellant and the attorney who makes the affidavit of disqualification, his connection and *status* with reference to employment with Mr. Cutrer, and

that he believes that the other counsel understood his relation and connection with Mr. Cutrer. There is no denial of these statements in a counter affidavit and there is no counter affidavit of any kind filed in the cause.

Prior to the submission of the case and for some time past, Judge Sam C. Cook informed each member of this division of the court of the nature of Sam C. Cook, Jr.,'s employment by Mr. Cutrer, and his relation was known to the members of the court.

Section 165 of the state Constitution reads as follows:

"No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties. Whenever any judge of the supreme court or the judge or chancellor of any district in this state shall, for any reason, be unable or disqualified to preside at any term of court, or in any case where the attorneys engaged therein shall not agree upon a member of the bar to preside in his place, the Governor may commission another, or others, of law knowledge, to preside at such term or during such disability or disqualification in the place of the judge or judges so disqualified."

Section 715, Hemingway's Code, section 995, Code of 1906, reads as follows:

"The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel except by the consent of the judge and of the parties."

It will be seen from a reading of these sections that a judge is disqualified in a case where he is related to any of the parties interested, except with the consent of each of the parties and of the judge. We held in the case of *Norwich Fire Ins. Co.* v. *Standard Drug Co.*, 121 Miss. 510, 83 So. 676, that a party to the suit within the meaning of these sections is one who is directly interested in the

subject-matter in issue and the mere fact that an attorney was-related to the judge did not disqualify the judge where he had no interest; that the interest of the attorney must be in the subject-matter, or *res*, of the suit.

There was no suggestion of disqualification of Judge Sam C. Cook, nor was there any motion to transfer it to the other division of this court because of the relationship between counsel and the judge. The record shows that the attorneys now making the motion knew as much about the matter prior to the argument and submission of the cause as they know now, and yet with the full facts disclosed to them they elected to proceed before this division of the court and take their chances on winning or losing their suit. It ill becomes counsel to take chances and after the judgment is rendered to then for the first time undertake to raise disqualification where they knew, if there was any disqualification at all, that it existed prior to the argument and submission of the case, such a proceeding is utterly unfair to a judge and to the opposing litigant, and where no suggestion of disqualification is made the party will not be heard after judgment to raise the question, unless he shows that at that time he had no knowledge thereof.

The motion is utterly without merit and is overruled.

*Motion overruled.*