{116 So. 424)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. KEEFE. (6 Div. 23.)

Supreme Court of Alabama.     April 5, 1928.

**1. Master and servant ⚬⚬412—Trial court's finding in workmen's compensation case, supported by legal evidence, will not be disturbed on appeal.**

In workmen's compensation case, trial court's finding, supported by legal evidence, will not be disturbed on appeal.

**2. Master and servant ⚬⚬398—Failure to give statutory notice of injury does not prevent recovery of compensation if defendant had knowledge of injury and substantial facts connected therewith.**

Failure to give statutory notice of injury does not prevent recovery of compensation by workman if defendant had knowledge of injury and substantial facts connected therewith, but in view of Code 1923, §§ 7568, 7569, such knowledge must be independent of verbal notice of injured employee.

**3. Master and servant ⚬⚬398—Evidence of employer's knowledge of injury held not to dispense with necessity of proving written notice of injury to employee (Code 1923, §§ 7568, 7569).**

In workman's action to recover compensation for injury, evidence of employer's knowledge of injury held not sufficient to dispense with proving written notice of injury pursuant to Code 1923, §§ 7568, 7569.

**4. Master and servant ⚬⚬398—Proof that fellow servant knew workman got oil in eyes held not to charge employer with notice dispensing with necessity of written notice (Code 1923, §§ 7568, 7569).**

In workman's action for compensation, proof that fellow servant knew plaintiff got oil in eyes held not binding on employer, so as to dispense with necessity of written notice of injury under Code 1923, §§ 7568, 7569.

Certiorari to Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by Dennis Keefe against the Sloss-Sheffield Steel & Iron Company to recover compensation for injuries sustained in the course of employment. Judgment awarding compensation, and the employer applies for certiorari to the Circuit Court of Jefferson County (Bessemer Division). Writ awarded; reversed and remanded.

Bradley, Baldwin, All & White, S. M. Bronaugh, and W. M. Neal, of Birmingham, for appellant.

The requirement of the Compensation Act for notice is mandatory. Code 1923, §§ 7568, 7569; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Sloss Co., 212 Ala. 699, 103 So. 920; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; Sloss Co. v. Keefe, 216 Ala. 379, 113 So. 400. Knowledge of a coemployee,

who has no superintendence over the injured employee, and who is not a person in authority, is not knowledge of the corporate employer. Code, §§ 7568, 7569; Frenkel v. Hudson, 82 Ala. 158, 2 So. 758, 60 Am. Rep. 736; Honnold, Workmen's Compensation, § 210; Schneider, Workmen's Compensation, § 543. A person having a pecuniary interest in the result of suit is not competent to testify as to a transaction with a deceased person who, in said transaction, was acting in a representative capacity for the party against whom the testimony is sought to be introduced. Code 1923, § 7721; Louis v. Easton, 50 Ala. 470; Killen v. Lide, 65 Ala. 505; Dismukes v. Tolson, 67 Ala. 386. Knowledge of an accident, to take the place of the notice provided for by statute, must give the employer the same information as is required of the statutory notice. Code, §§ 7568, 7569; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756. The finding of the trial court must be supported by legal evidence. Ex parte Sloss-Co., 207 Ala. 219, 92 So. 458; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

Mathews & Mathews, of Bessemer, for appellee.

The finding of the trial court will not be disturbed if there is any evidence tending to support his conclusion. Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 651; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458. Testimony as to the transaction with the deceased superintendent was admissible. Coleman v. Pike Co., 83 Ala. 326, 3 So. 755, 3 Am. St. Rep. 746; Blue v. Blue, 155 Ala. 206, 46 So. 751; Cromwell v. Horton, 94 Ala. 647, 10 So. 358.

ANDERSON, C. J. This case has been before this court before, 216 Ala. 379, 113 So. 400, when the writ was awarded and the cause reversed and remanded for a failure on the part of the plaintiff to show notice or knowledge of the injury within ninety days as required by the statute. Upon the second trial the trial court found for the plaintiff and found that he had given the superintendent notice.

[1, 2] In this class of cases we have held that the finding of the trial court will not be disturbed when there is evidence which will support the finding, meaning, of course, legal evidence. The trial court found that notice was given to the superintendent, but, as this notice was not in writing, it was not sufficient under sections 7568 and 7569 of the Code of 1923. True, we have held that even when the statute as to notice has not been complied with this will not preclude a recovery if it appears that the defendant had knowledge of the injury and of the substantial facts connected therewith. The knowl-

edge relied upon, however, must be independent of the verbal notice of the injured employee, for to hold that such a notice would suffice to charge the employer with knowledge would emasculate that part of the statute by reading written notice to mean oral notice. American Radiator Co. v. Andino post, p. 424, 116 So. 121.

[3] The record failing to show written notice, the question arises: Was there legal evidence sufficient to show such knowledge on the part of the employer as would dispense with the necessity of proving written notice? In the first place, it is insisted that the superintendent, to whom it is claimed the notice was given, was dead at the time of the trial, and, as he occupied a fiduciary position with the defendant company, this evidence was not admissible under section 7721 of the Code. This question we need not decide, for the reason that even if admissible there is no proof that the said superintendent had any knowledge of the facts independent of the notice. In the Andino Case, supra, there was evidence, independent of what the plaintiff told, that the foreman saw him limping while at work, saw his shoe was slit, and saw the toe inflamed and discharging pus. Here the plaintiff only told the superintendent about getting oil in his eye, and there is no proof that he knew otherwise that the eye was injured and the plaintiff continued to discharge his regular duties for nearly three months thereafter.

The plaintiff did testify that he went to see Dr. Colquit, the defendant's physician, who examined his eye and sent him to another doctor; but there is nothing to show that he informed Dr. Colquit when, where or how his eyes were injured, even if this would suffice, which we do not decide.

[4] There was also proof that one Jim Hill, a fellow servant, knew that the plaintiff got oil in his eyes, but he was not such an agent of the defendant as to make it bound by his knowledge.

The writ of certiorari is awarded, and the judgment of the circuit court is reversed and the cause is remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.