(122 So. 411)

## WILSON v. BIRMINGHAM ELECTRIC CO.
### (6 Div. 181.)

Supreme Court of Alabama. March 28, 1929.

Rehearing Denied May 30, 1929.

Charles A. Calhoun, of Birmingham, for appellant.

Joseph P. Mudd, of Birmingham, for appellee.

Mullins & Jenkins, of Birmingham, for claimants.

SAYRE, J. Caleb Wilson came to his death by accident while in the employ of appellee. Appellant, alleging that she was his widow, filed her claim for compensation under the Elective Compensation Law, section 7543 et seq. of the Code of 1923. Ada Wilson intervened on behalf of herself and two minor children, alleging that she was the widow, and the children were the children of deceased employé. The court's decree awarded compensation to the children, and denied to both women any part of it.

Under repeated decisions of this court, if there was any evidence going to sustain the decree in the form in which it was rendered, it will be affirmed on appeal or application for certiorari to this court. Ex parte Sloss-Sheffield Co., 207 Ala. 219, 92 So. 458; Ex parte Louisville & Nashville R. Co., 208 Ala. 216, 94 So. 289; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Martin v. Sloss-Sheffield Steel & Iron Co., 216 Ala. 500, 113 So. 578. We are of opinion, certainly, that there was evidence to support the decree in the trial court, and, indeed, that the great, if not the uncontradicted, weight of the evidence justified and required that decree. Appellant Ola Wilson was not entitled to compensation on account of the death of Caleb, because, though she was living with him at the time as man and wife, both had spouses by former marriages which had never been, so far as the evidence showed, dissolved by either death or divorce. Nor was Ada entitled, because, without a dissolution of her marriage with Caleb, she had taken another husband, and it conclusively appeared that at the time of the death of Caleb she was living apart from him, and that he had not for years contributed to her support. Code, § 7552. But the undisputed minor children of Caleb and Ada were entitled to compensation under the law. Code, § 7552, as construed in Ex parte Cline, 213 Ala. 599, 600, 105 So. 686. The decree under review was

written in agreement with the views here expressed.

It is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.