LOTTIE V. STEARNS, *Appellant*, vs. MARVIN STEARNS, et al., *Appellees*.
143 So. 642.
Division B.
Opinion filed August 9, 1932.

*J. McHenry Jones*, for Appellant;

*R. P. Reese* and *F. W. Marsh*, for Appellees.

DAVIS, J.—This is an appeal from the Court of Record of Escambia County from a final decree in Chancery rendered in favor of the appellees in a partition suit brought in the Court below.

But one question is necessary to be decided, and that is:

"If the regular Judge of the Court of Record of Escambia County is subject to challenge as being disqualified under Chapter 10165, Acts of 1925, because of his being the father of the solicitor for the defendants in a Chancery case, and an application is filed by one of the parties to disqualify him under the statute, the provisions of which may under the terms of the statute be waived by a failure to assert the disqualifying ground, is it essential that the application for disqualification be first presented to and acted upon by the Judge of the Court of Record, and an order entered by him certifying his disqualification of

record, before the case may be presented to, and decided by, a Circuit Judge acting as Chancellor, under Section 4348 C. G. L., 2681 R. G. S. ?''

This Court judicially notices the fact that Hon. C. M. Jones was the duly qualified and acting Judge of the Court of Record of Escambia County at the time the final decree appealed from was entered. That decree, however, is signed: "Thomas F. West, Circuit Judge, First Judicial Circuit, Escambia County, Florida." The only showing in the record to the effect that Judge West was authorized to act in the place and stead of Judge Jones, is the following recital in an order made and entered by Judge West in an interlocutory order overruling a demurrer in the cause:

"This cause coming on to be heard upon the demurrer of the defendants (the defendants Berdie Rosa Clark and her husband Perry Clark having adopted and joined in said demurrer) to the bill of complaint, and the same having been submitted by respective counsel without argument, and considered by the court, and upon consideration thereof

It is now ordered and decreed that the said demurrer be, and the same is hereby overruled, and the defendants are given until the 21st day of July, 1927, in which to plead or answer as they may be advised.

The complainant, Josephine Stearns, having filed a certificate of disqualification of the Honorable C. M. Jones as Judge, this order is made by the undersigned in accordance with law.

Done and ordered this 21st day of June, A. D. 1927.
Thomas F. West,
Circuit Judge, First Judicial
Circuit, Escambia County.''

The cause was brought in the Court of Record of Escambia County, Florida. That Court exists and exercises its authority by virtue of Sections 24, 25 and 39 of Article 5 of the State Constitution. While as a *Court*, the Court of Record of Escambia County has concurrent ju-

risdiction in equity causes with the Circuit Court of Escambia County, the Judge of the Circuit Court of Escambia County is not a Judge of the Court of Record of Escambia County and has no authority to act for the Judge of the Court of Record of Escambia County except in the mode provided by law for such action. See 33 C. J. 1029.

Section 4348 C. G. L., 2681 R. G. S., provides that where the Judge of any Court other than the Supreme Court and Criminal Courts of Record shall be disqualified from any cause to discharge any duty whatever pertaining to his office which is required to be performed in vacation or between terms, it shall be the duty of any other Judge of a Court of the same jurisdiction as the Court in which the cause is pending, to perform, on the direction of any party, such duties, and hear and determine all such matters as may be submitted to him, and such Judge may perform such duties either in his own or any other jurisdiction, and shall be substituted in all respects in the place and stead, in the manner aforesaid, of the Judge unable to and disqualified to act. This statute is sufficient authority to permit a Circuit Judge to act for and instead of the Judge of the Court of Record of Escambia County when that Judge is disqualified, when the action required is with respect to any duty which is required to be performed in vacation or between terms. This includes the right to hear and determine demurrers and render final decrees in chancery. Sommers v. Apalachicola N. R. R. Co., 85 Fla. 9, 96 Sou. Rep. 151.

But it has been held in this jurisdiction that a Judge who is challenged on the ground that he is disqualified has a legal right to determine whether the matters set up as a prerequisite to the operation of the statute disqualifying him are in law sufficient to invoke the opera-

tion of the disqualifying statute. Hirsch Co. vs. Mc-Donald Furniture Co., 94 Fla. 185, 114 Sou. Rep. 517.

In this case the alleged disqualification of Judge Jones was predicated upon the provisions of Chapter 10165, Acts of 1925, which reads as follows:

"Nor shall any judge sit as a court in any cause in which he is related within the third degree of consanguinity or affinity to either of the attorneys or counselors of either party to any cause; provided that such last mentioned disqualification be made to appear, and it may be waived by stipulation filed in the cause, and it shall be deemed to have been waived unless the objection on account of such disqualification shall have been filed in writing at or before the commencement of the trial or hearing."

The complainant, Josephine Stearns, filed her suggestion in the cause that the Hon. C. M. Jones, Judge of the Court of Record of Escambia Cunty, was the father of and related within the third degree of consanguinity to Hon. McHenry Jones, the solicitor for the defendants, and by reason thereof objected to the hearing of the cause by the Hon. C. M. Jones, father of the counsel for the opposite party.

Under the statute authorizing the disqualification proceedings, a disqualification of this kind may be waived, and is deemed to have been waived, unless the objection on account of such disqualification shall have been filed in writing at or before the commencement of the trial or hearing.

Under the case of Hirsch Co. vs. McDonald Furniture Co., *supra,* it is required that the challenged Judge be accorded his legal right to determine whether all the prerequisites of the statute disqualifying him have been complied with, and unless there is such showing in the record, action by an outside Judge is wholly unauthorized, and must be reversed on appeal here.

Judge West in signing the order overruling the demurrer and in entering the final decree in this cause was acting as Judge *pro hac vice* of the Court of Record of Escambia County with reference to the particular cause. His right to do so recited upon some certificate by the challenged Judge of the Court of Record of Escambia County that he was disqualified, thereby giving rise to the occasion for the exercise of power by a Judge of another Court of the same jurisdiction. But unless the Judge of the Court of Record of Escambia County, in which the cause was pending was disqualified, the Judge of the Circuit Court of the First Judicial Circuit was without jurisdiction in the cause.

This Court has held that when an appeal is taken from an order made by a non-resident Judge in a cause pending in which the non-resident Judge was acting for the resident Judge by the Governor's order, that the executive order authorizing a non-resident Judge to act should be entered of record and appear in the transcript of record on appeal, or be subsequently by appropriate procedure, seasonably made a part of the record on appeal or the appeal will be dismissed. Forcum vs. Symmes, 101 Fla. 1266, 133 Sou. Rep. 88.

The reason for the rule above stated requires that when a Judge of another Circuit acts for a resident Circuit Judge who is disqualified, the record shall affirmatively show the jurisdiction of the non-resident Chancellor to act in the particular case, and that such showing shall be shown in the transcript here on appeal. Judge West resided in Escambia County, but he was not a Judge of the Court of Record of that County. He was Judge of the Circuit Court in Escambia County.

The transcript of the record here does not show that Judge C. M. Jones has ever been accorded the legal right to determine whether he has been properly challenged

under the 1925 statute, nor that he has acted thereon. Therefore it does not appear that the Judge of the First Judicial Circuit, who signed the decree appealed from, had any authority to make such a decree in the cause which was pending in a Court over which he had no jurisdiction to act except under special circumstances. The final decree appealed from being void, the appeal should be dismissed and the cause remanded for further proceedings. See Realty Co. vs. Fraleigh-Smith, 90 Fla. 769, 107 Sou. Rep. 174; Dodd Lumber & Timber Co. vs. Krusen L. & T. Co., 105 Fla. 196, 141 Sou. Rep. 117.

Appeal dismissed and cause remanded to Court of Record of Escambia County for further proceedings.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.