154 So. 565

## GULF STATES STEEL CO. v. CHRISTISON.

### 7 Div. 217.

Supreme Court of Alabama.

April 5, 1934.

Rehearing Denied May 24, 1934.

624

O. R. Hood and Roger Suttle, both of Gadsden, for appellant.

Inzer, Davis & Martin and Rains & Rains, all of Gadsden, for appellee.

ment because the presiding judge was disqualified under section 8570, Code. One of plaintiff's counsel was a son of the judge.

The question involves the proper construction of the word "party" as used in that statute. Does it include under any circumstances the attorney of record of a party to the suit? This court has never expressed itself directly on that subject. In the case of Crook v. Newborg, 124 Ala. 479, 27 So. 432, 433, 82 Am. St. Rep. 190, this statute, then stated in the same language, was held to mean "that the disqualification extends not only to the party to the records, but that the judge is incompetent when related within the fourth degree to any person interested in the judgment or decree," citing Gill v. State, 61 Ala. 171, with many cases from other states. This case has been cited in other states to sustain a construction of similar acts to include as a "party" an attorney "who is interested in the subject-matter of the litigation though not a formal party to the record" by reason of his employment. Yazoo & M. Valley R. Co. v. Kirk, 102 Miss. 41, 58 So. 710, 712, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968. To the same effect is Roberts v. Roberts, 115 Ga. 259, 41 S. E. 616, 90 Am. St. Rep. 108.

But the mere fact that an attorney is retained on a contingent fee, as by the defendant, when such fee is not payable out of the judgment, and with no lien on it, but when the result will only fix the fact or amount of such fee, he is not by such a contract interested in the subject-matter of the suit, though he is interested in its outcome. In such latter situation it is merely an event which affects him, but he has no interest in that which the suit concerns. Norwich Union Fire Ins. Co. v. Standard Drug Co., 121 Miss. 510, 83 So. 676, 11 A. L. R. 1321; Shireman v. Wildberger, 125 Miss. 499, 87 So. 657; Young v. Harris, 146 Ga. 333, 91 S. E. 37. For other cases, see 11 A. L. R. 1326.

There are cases which hold that plaintiff's attorney who has a contingent fee payable out of the judgment and affected by its amount is not a party so as to disqualify a related judge. Hundley v. State ex rel. Milton, 47 Fla. 172, 36 So. 362; Winston v. Masterson, 87 Tex. 200, 27 S. W. 768; Allison v. So. Ry. Co., 129 N. C. 336, 40 S. E. 91.

Under section 6262, Code, attorneys have a lien for their fee upon suits, judgments, and decrees for money, and are given "the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them," and may intervene and be-

FOSTER, Justice.

This is an action by an employee against his employer for compensation on a claim that he was injured in the course of his employment and arising out of it.

The contention made by appellant on this appeal, to which we will first give attention, arose on a motion to vacate the judg-

come parties in name for that purpose. Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 73 So. 525; Id., 208 Ala. 337, 94 So. 311; Fuller v. Lanett Bleaching Co., 186 Ala. 117, 65 So. 61; Ala. Produce Co. v. Smith, 227 Ala. 330, 150 So. 148.

The basis of the disqualification of the judge is not that the related attorney is employed on a contingent fee, but because such fee is payable out of the judgment recovered or is a lien on it, and that its amount is also affected by the amount of the recovery. Under such circumstances the attorney is directly interested in the subject-matter of the suit and its result. He is then a "party" within section 8570, Code.

As we have said, this is a statutory compensation suit. The plaintiff, being competent, may pay his attorneys as they may contract, except that no part of the compensation due plaintiff under the act shall be paid to the attorneys for their services, unless a circuit judge shall order and approve the employment, and shall fix the fee, which shall not exceed 10 per cent. of the compensation awarded or paid under the act. Section 7542, Code.

Upon petition in this cause, heard prior to the trial, the circuit judge granted plaintiff authority to employ two firms of lawyers, in one of which firms, it was shown on the motion for a new trial, the son of the judge who made the order and who tried the suit was a partner. When compensation was awarded, the judge fixed the amount of the fee at 10 per cent. of the total amount of the compensation awarded. Defendant tried the cause to a finish without objecting to the qualifications of the judge under the statute. It is first presented in the motion for a new trial.

Section 8570, Code, prohibits a disqualified judge from presiding "without the consent of the parties entered of record, or put in writing, if the court is not of record." That has been in the statute since the enactment of the Code of 1852, section 560 of that Code, and section 635 of the Revised Code of 1867, in addition to those since, as noted in the brackets.

A construction of the statute in this connection seems first to have been made in the case of Hine v. Hussey, 45 Ala. 496, where on page 513, the court held that, since consent was provided for in the act, its violation did not render the judgment void, but voidable only, and said, in respect to the consent, that "its entry on the record is the only admissible evidence that it was given." See, also, Trawick's Heirs v. Trawick's

Adm'rs, 67 Ala. 271; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 So. 112; Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372. And then in Hayes v. Collier, 47 Ala. 726, again affirming that the failure to observe the statute does not render the judgment void, and referring to the fact that the statute authorizes the judge to act with "the consent of the parties entered of record," also stated that the omission of that entry should not annul the judgment so as to authorize strangers to have it vacated at any indefinite time afterwards.

In Collins v. Hammock, 59 Ala. 448, it said that no objection to the competency of the judge was raised on the trial, but first came upon a motion to quash execution and vacate the judgment made several years after it was rendered. This was said to be a collateral attack, and that, since it was not void, the attack was ineffectual. The opinion quoted from Freeman on Judgments that, "If the facts are known to the party recusing, he is bound to make his objection before issue joined, and before the trial is commenced, otherwise he will be deemed to have waived the objections, in cases where the statute does not make the proceedings void." Fifth Edition, § 329.

In the case of Yazoo & M. V. R. Co. v. Kirk, supra, the court was dealing with a constitutional provision similar to our section 8570, Code, but with the proviso that the disqualified judge may not act "except by the consent of the judge and of the parties." It did not specify the manner of evidencing that consent. It was held that proceeding to trial without objection before judgment was a conclusive presumption of such consent. Doubtless Judge Freeman and others who have thus broadly expressed themselves referred to statutes which did not specify the manner of giving that consent. Stearns v. Stearns, 106 Fla. 440, 143 So. 642.

■■ But our statute specifies the manner in which such consent must be manifested. When so, it must be complied with. Statutory requirements cannot be evaded on the doctrine of estoppel or waiver in a different manner. So that our only inquiry at this point in the discussion is to find out if "the consent of the parties (was) entered of record or put in writing."

We think it would be an erroneous construction of the requirement to hold that it means that such consent must be expressed in any certain language. But we entertain the view that a judgment in a court of record

will not be set aside on any attack, direct or collateral, by a party who had knowledge of the disqualification of the judge before the trial began or during its progress, and on the ground of his disqualification when matter of record shows that he consented for the judge to act and continue to preside to the point of rendering judgment. It is not necessary for the record to use the word "consent" or its equivalent, if the matters there disclosed evidence such consent as a proper interpretation of their effect.

We therefore look to the record for the purpose of finding its meaning in this respect. Before the trial began, plaintiff filed a motion for authority to employ certain named counsel, including the son of the judge as one of them. The petition made no mention of the compensation to be paid them, and the order on the petition was silent in that respect. But the only purpose which could have been thereby accomplished was to comply with section 7542, Code. We think that the effect of that petition and order was to give record notice to the parties to the suit, that, regardless of any contract between plaintiff and his counsel, they were to be paid out of the award an amount to be fixed by the judge contingent upon the amount of such award. That is exactly what was ordered. On the next day after that petition and order were filed, defendant, as the record recites, demurred to plaintiff's complaint, and the court overruled it on that day. The bill of exceptions recites that it was agreed "that, as stated in defendant's answer, all of the averments of the complaint as amended were admitted except that plaintiff happened to an accident which arose out of and in the course of his employment and that such accident resulted in the condition which plaintiff complained of, that it was not admitted that defendant had any notice of the alleged accident to plaintiff, and it was expressly denied that defendant had actual knowledge of the alleged accident or injury to plaintiff, but it was admitted that defendant knew plaintiff was sick."

 It also shows that defendant cross-examined plaintiff's witnesses, and introduced in evidence the testimony of a number of witnesses and some documents. We think that, for the purposes of section 8570, Code, a bill of exceptions, when signed and filed in court, becomes a part of the record. Section 6432, Code. The judgment entry recites that the parties by their attorneys came (into court), and the cause came on for trial up-

on the pleadings, agreement of counsel, and evidence. The agreement of counsel was presumably that shown by the bill of exceptions.

We think that those were proceedings of record which, in the absence of any hint at objection, showed a consent for the judge then presiding to hear and determine the controversy.

Affidavits were submitted to the effect that defendant and his counsel did not know that the attorneys for petitioner were to be paid on a contingent basis. They do not claim that they were ignorant of the relationship and that the son of the judge was one of the counsel employed.

When a petition for authority to employ such counsel is filed and recorded, and an order is made granting it, since such a proceeding has no place in practice except by authority of section 7542, Code, in which the fee is to be based on a contingency, we think that defendant and his counsel are bound to take notice of that fact. We cannot sustain appellant's contention in that respect.

 On the merits of the claim, the chief difference between the parties arises on the question of whether plaintiff sustained a personal injury caused by an accident arising out of and in the course of his employment. Section 7534, Code. The court found from the evidence that plaintiff, as alleged in his petition, suffered from heat exhaustion, of which defendant had immediate actual knowledge, and by reason of it plaintiff has since then been physically unable to perform manual labor, and that he is totally and permanently disabled to do so as a direct result of said heat exhaustion, and also found that the heat exhaustion was accidental and arose out of and in the course of his employment, for it was recited in the finding that "on the morning of June 27, 1932, and at the time the plaintiff suffered the said heat exhaustion in the nail room operated by the defendant company, the weather was extremely hot. The court further finds from the evidence that the particular building or room in which the plaintiff was performing the usual duties of his employment on the morning of June 27, 1932, had been closed for a period of approximately two weeks immediately preceding said date and as a result of said fact the humidity of the air in said building or room was increased. The court further finds from the evidence that the machines on and about which plaintiff was required to work by virtue of his employment, were machines used

for the manufacture of nails and that said machines, together with the machinery used to operate said machines, generated or caused to be generated heat. And the court finds from the evidence, that by reason of the increased humidity of the air and the heat generated or caused to be generated by the machines operated in close proximity to the plaintiff, the natural hazard of heat exhaustion on a day of the same temperature as existed on this said date was increased and aggravated and this plaintiff was thereby subjected to an increased risk of injury from heat exhaustion which was substantially beyond the normal risk to which the average workman engaged in similar employment would be subjected. And the court finds from the evidence that the heat exhaustion suffered by this plaintiff at said time and place was caused by said increased or aggravated risk."

If the heat exhaustion arose out of the employment, as well as in its course, we think it is clear that any harmful effect upon the physical structure of the body of the employee, which was a proximate result of it, is an accident under our statute. Section 7596 (i), Code; Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; 1 Honnold on Workmen's Compensation, p. 281, § 86.

In connection with the sort of accident here involved, the principle to which most authorities give assent is that the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. Am. Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540; Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532.

That principle has been specifically thus applied to sunstroke or heat prostration or heat exhaustion in many varying conditions. The authorities in the main adopt and apply it substantially as we have thus stated. It would serve no good purpose to refer to the discussions and various applications of the principle. Many cases are analyzed in texts and notes as follows: 1 Schneider's Workmen's Compensation Law (2d Ed.) pp. 701 to 710; 1 Honnold's Workmen's Compensation, p. 428; 13 A. L. R. 979; 53 A. L. R. 1085; 46 A. L. R. 1218; 25 A. L. R. 147; 16 A. L. R. 1038, 1039.

We have no trouble in agreeing with the circuit judge that the facts as found, and which we have quoted, show that plaintiff sustained a personal physical injury caused by an accident arising out of and in the course of his employment by defendant as alleged in the petition.

■ We are next concerned with the contention that the evidence, all of which is set out in the bill of exceptions, does not justify the finding as thus made by the circuit judge. We may observe here that the court fully complied with section 7578, Code, by setting out a statement of the law and facts and his conclusions. Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458.

This review, by certiorari, does not perform the functions of an appeal, and on it we cannot inquire as to whether the finding of facts is proper, if it is supported by any legal evidence. Ex parte Sloss-Sheffield S. & I. Co., supra; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; Wilson v. B'ham. Elec. Co., 219 Ala. 436, 122 So. 411; Dean v. Stockham Pipe & Fitting Co., 220 Ala. 25, 123 So. 225; Morgan Hill Paving Co. v. Stewart, 220 Ala. 480, 126 So. 116.

We do not think it would serve any useful purpose to discuss the evidence in that connection, but it is sufficient to say that there is legal evidence shown in the bill of exceptions to support the finding in all respects. We do not undertake to consider its weight. That is solely the province and responsibility of the trial court when we review its judgment by certiorari. Authorities, supra.

There are other questions argued for appellant. We have considered them, and think that they do not show reversible error, but that it is not necessary to discuss them.

Finding no such error in the record, the judgment is affirmed.

Affirmed.

## On Rehearing.

■ We think that the record referred to in section 8570, Code, should not be limited to the permanent final record made by the clerk, or judgment entry, but should include any writing which is a part of the orderly proceedings in the cause, such as prescribed by law, and thereby becomes record evidence of consent. The word "record"

.should be interpreted according to the purpose intended to be accomplished. In this section the purpose is very much the same as that of rule 14, Circuit Court, Code, p. 900. Agreements stated verbally in open court have been held to satisfy that rule. Prestwood v. Watson, 111 Ala. 604, 20 So. 600; Samuels v. Scott, 212 Ala. 679, 103 So. 848.

But it is not sufficient to satisfy section 8570, Code, unless it is made to appear in some part of the written proceedings, as in the reporter's notes, the court's bench notes, bill of exceptions, judgment entry, and the like. Many matters are declared to be of record which do not appear on the minutes or final record, and are so for some purposes and not for others. The court reporter's notes are such. Section 6734, Code; Ala. West. R. R. Co. v. Downey, 177 Ala. 612, 58 So. 918. Likewise a bill of exceptions is so regarded. Section 6432, Code.

Appellant's counsel also complain that we did not duly consider the evidence of a want of knowledge by them of the petition and order in respect to the employment of counsel. But the general rule, no doubt well known to counsel for appellant, is that, when a party is properly brought into court, he is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he may not appear and has no actual knowledge of them (unless of course, notice is required by law). 46 C. J. 548, 549; Sov. Camp, W. O. W., v. Gay, 20 Ala. App. 650, 104 So. 895, certiorari granted on other grounds 213 Ala. 5, 104 So. 898. It does not therefore lie in the right of defendant or his counsel to assert a want of actual knowledge of the petition to employ counsel and the order on it.

The order of the court on demurrer to the complaint recites that the defendant demurred to the complaint. The demurrer is then submitted and passed upon. Though the demurrer had previously been filed, it was afterwards submitted, which means that action thereon was invited by defendant. This was an invitation by defendant to the court shown by the record that it shall then hear and determine the demurrer. When the record thus shows that action was invited by defendant, it thereby appears affirmatively that there was consent that the judge presiding shall hear and pass upon the demurrer. If a party invites action, he cannot deny that he so consented, in the absence of objection on that ground. If he consented, he cannot complain.

There are recitals in different parts of the record showing that defendant appeared and proceeded to present evidence and raise questions for the consideration of the court, all of which show a manifest purpose to have the presiding judge rule on the questions thus presented. The record therefore shows a consent as the necessary meaning of its recitals.

As we understand the argument of counsel in respect to the absence of proof of actual knowledge by defendant of the accident to avoid the necessity of the statutory notice, it did not relate so much to a want of knowledge of the fact that plaintiff was taken sick in the course of his employment in a way which might have been accidental and growing out of it, for the circumstances attending his attack were known to defendant's foreman in the course of his employment, but they contend that they had no knowledge that he had suffered a heat prostration. But if in fact he did suffer an attack growing out of and in the course of his employment, and this was known by defendant's foreman, though the doctors for defendant who examined him immediately afterwards failed to recognize it as heat prostration, their failure to do so does not show a want of evidence of knowledge required by law, if the court finds that the symptoms which plaintiff manifested were such as to be sufficient to impart that knowledge to them. It is knowledge of the facts and occurrences, and that the employee was thereby injured, which is important, and not the diagnosis of the doctors predicated on those occurrences and his symptoms. If plaintiff in fact had heat prostration due to such accidental causes, defendant's doctors knew enough of his condition by their physical examination of him to make that diagnosis, and therefore are chargeable with such knowledge, though they thought, and still think, that it was not heat prostration. Sloss-Sheffield Steel & Iron Co. v. Keefe, 217 Ala. 409, 116 So. 424; Am. Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121.

The only two points made by counsel for appellant on this application have been here treated in the manner in which we view them, and adversely to their contention.

The application is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.