I must respectfully dissent from the result of the opinion of the majority and from some of the statements contained in the opinion.
I recognize the efficacy of the citation of United Telephone Telegraph Co. v. Culliver as authority for the necessity of a claimant establishing the occurrence of the statutory "accident." I acknowledge there must be some "injurious event;" however, it seems to me that to breathe new life into Culliver
is to diminish the authority of B.F. Goodrich Co. v. Martin,47 Ala. App. 244, 253 So.2d 37 (1971), cert. denied 287 Ala. 726,253 So.2d 45 (1971); Pow v. Southern Construction Co., 235 Ala. 580,180 So. 288 (1938); Gulf States Steel Co. v. Christison,228 Ala. 622, 154 So. 565 (1934). Those cases stand for the proposition that the statutory requirement of an "accident" may be satisfied by a result as well as a "cause" and if the job caused the injury, it was by "accident" within the intent of the Workmen's Compensation Act. Albertville Nursing Home v.Upton, 383 So.2d 544 (Ala.Civ.App. 1980); Newman Bros. Inc. v.McDowell, 354 So.2d 1138 (Ala.Civ.App. 1977), cert. denied,354 So.2d 1142 (Ala. 1978); City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975).
I dissent from the affirmation of the judgment of the trial court upon authority of the case of Dorsey v. United StatesPipe *Page 634 Foundry Co., 353 So.2d 800 (Ala. 1977). That case was considered by certiorari upon the invitation of this court.353 So.2d 797 (Ala.Civ.App. 1977). The issue presented was whether the statute of limitation in a workmen's compensation claim could be tolled by legal fraud or estoppel. The Supreme Court in a statement of first impression of the law in this state said: "We hold, therefore, that when acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested . . . the running of the statute of limitations may be tolled and it is immaterial whether the employee relies upon actual fraud or mere estoppel. . . ." The court further said: "In conclusion, we take note as did the United States Supreme Court in Glus v.Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760,3 L.Ed.2d 770 (1959), of the age-old maxim that, `no man may take advantage of his own wrong.' See also Mazer v. JacksonInsurance Agency, 340 So.2d 770 (Ala. 1976)." 353 So.2d at 803.
In this case it is without conflict that it was the policy of the employer to file with its insurance carrier the report of an injury to an employee on the job. It was unnecessary for the employee to file a claim. He had only to inform the employer that he had been injured. It is further without conflict that claimant in this case informed his employer that he suffered an injury to his back on June 5, 1975. Acting upon that information, employer's clerk filed notice with the insurer and advised claimant to see a doctor. He saw a chiropractor and continued to see him for some time thereafter. He took off from work for several days. He was paid fifty-five percent of his wages by a company check according to a company policy on sick pay. Such sick pay was paid when an employee reported off from work with a physician's statement of cause. He received the same check whether he was injured on the job or just sick for some unrelated reason.
The company clerk stated that the insurance carrier, after receiving her report, decided whether workmen's compensation was due the employee.
The employee never knew whether he was to receive compensation until or unless he was called upon to come by the company's office and endorse a check issued by the insurer and sent to the company. If the compensation check was greater than the amount he had been paid by the company he got the excess, otherwise he merely endorsed it over to the company.
Claimant in this case received one check from the insurer for the days he was off from work in June. He endorsed it over to the company in July, because he had already received the company's check for the days off and had returned to work on the same job where he was injured, though still receiving treatment from the chiropractor.
In November of 1975 his back again became painful, as before. He complained again to his superior and also told him he had pain from an old knee injury not job related. His employer made an appointment for him to be seen by an orthopedist at company expense. On December 3, 1975, a letter was sent by the company to the agent of the insurer referring to the back injury of June 5 reminding the agent of a telephone conversation with him concerning claimant on the same day of the letter. The letter stated that claimant was still having trouble with the back injury and that an appointment had been made with the orthopedic surgeon, Dr. Sudduth, to examine his back as well as his knee. Insurer was informed that the doctors and hospital had been notified to send all charges for treatment of the back injury to the insurer. The letter stated that claimant returned to work the date of the letter, December 3, 1975, after being continuously absent since November 7, 1975. The orthopedist stated the back pain occurring in November came from the condition which became symptomatic through lifting on June 5.
The orthopedist thereafter referred claimant to a surgeon in Birmingham, who subsequently performed a fusion of vertebrae. The insured received the medical reports from the orthopedist and paid them. Claimant received checks from defendant during the time he was off from work. *Page 635 
It would hold that the employer is estopped from claiming benefit of the statute of limitation because of its acts and representation to claimant from June 5, 1975 through its letter of December 3, 1975.
We have previously shown that defendant had established a policy and assumed responsibility of filing notice of claim for compensation with the insurer on behalf of its employees. It did so in this instance. The evidence clearly shows that as of the letter of December 3, 1975, defendant knew of the continuing difficulty from the injury on June 5, 1975. This was not a new injury. It is certainly not unusual for effects of an accident to ease after initial treatment and get worse again after a period of work. This does not require a second "accident" as argued by defendant to the court below.
The defendant continued its assumed responsibility of notification to the insurer of the onset of new pain from the old injury. It provided continued medical treatment for that injury, sending claimant to a specialist for examination for treatment. There was no notice to claimant other than that his injury was continuing to be recognized as compensable for medical treatment. The defendant paid him a company check in the same or greater amount than that provided by the Workmen's Compensation Act. Defendant stated that neither it nor the employee knew whether compensation was to be paid until the insurer's check was received. There was never any notice to claimant that his injury was not compensable — all appearances were to the contrary, even to the employer, at least through December 3, 1975.
I submit by its acts and assumed duties, relied upon by claimant, defendant is estopped as a matter of law from claiming benefit of the statute of limitation in this case.