## YEISER *v.* DYSART, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 130. Submitted October 24, 1924.—Decided April 13, 1925.

A State may restrict the fees chargeable by attorneys at law in cases arising under the state workmen's compensation act without depriving them of property or liberty of contract in violation of the Fourteenth Amendment. P. 541.

192 N. W. 953, affirmed.

ERROR to a judgment of the Supreme Court of Nebraska ordering that the right of the plaintiff in error to practise as attorney at law be suspended unless he refund to a client a fee received and paid in violation of a provision of the state workmen's compensation law, providing that in cases thereunder the pay of the attorney should be fixed by the court and invalidating any contract for other and further pay.

*John O. Yeiser,* pro se.

No brief filed for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

Upon a report of the respondents, a committee of members of the bar, the plaintiff in error was ordered to be suspended from the right to practise as attorney unless he should refund to a client a fee received by him of $620 and interest within a time fixed. The ground of the order was that by § 3031, Comp. St. 1922, only such sum could be demanded for services in bringing a suit under the workmen's compensation act of the State as the Court

should allow, and that a contract for other and further pay was void. The Supreme Court of the State, while crediting the plaintiff in error with an honest belief that the statute had a narrower meaning, made the order complained of, and the case is brought here on a contention that the statute as construed unreasonably restricts the liberty of contract and contravenes the Fourteenth Amendment by depriving the plaintiff in error of his liberty and property without due process of law.

The plaintiff in error recognizes that this Court is bound by the construction given to the State law by the State Court, yet wastes a good deal of argument in the effort to prove the construction wrong. When the constitutional question is reached, late cases are relied upon for the general proposition that unreasonable interference with freedom of contract cannot be sustained. *Adkins* v. *Children's Hospital,* 261 U. S. 525; *Charles Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522. But the question is specific, whether we can pronounce this law unreasonable, against the opinion of the legislature and Supreme Court of the State. The Court adverts to the fact that a large proportion of those who come under the statute have to look to it in case of injury and need to be protected against improvident contracts, in the interest not only of themselves and their families but of the public. A somewhat similar principle has been sanctioned by this Court. *Calhoun* v. *Massie,* 253 U. S. 170. When we add the considerations that an attorney practises under a license from the State and that the subject matter is a right created by statute, it is obvious that the State may attach such conditions to the license in respect of such matters as it believes to be necessary in order to make it a public good. Of course a reasonable time from the issue of the mandate of this Court will be allowed for the plaintiff in error to comply with the judgment affirmed.

*Judgment Affirmed.*