MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.* WILKS

No. 42726    October 7, 1963    156 So. 2d 583

738

*H. L. Hutcherson,* Jackson, for appellant.

R. M. *Sullivan,* Hattiesburg, for appellee.

Kyle, J.

This case is before us on appeal by the Mississippi Employment Security Commission, defendant in the court below, from a judgment of the Circuit Court of Forrest County reversing an order of the Board of Review of the Employment Security Commission affirming the decision of the appeals referee holding that Lynn Wilks, the appellee, plaintiff in the court below, was disqualified to receive unemployment benefits for certain weeks under Section 5(c) of the Mississippi Employment Security Law (Sec. 7379, Miss. Code of 1942, Rec.).

In his petition for judicial review by the circuit court the appellee alleged that the Commission had denied his claim for unemployment benefits without the opportunity being given to him to present his claim or have his day in court; that the Commission had maintained a long established policy of refusing to permit the attorney of an employee to charge or collect a fee of more than ten per cent of the amount recovered or $15, whichever was less, for appearance in Jackson, Mississippi, before the Board of Review in the appeal of his case; that the plaintiff had been unable to obtain the services of an attorney to investigate and prepare his initial claim for any such fee, but was only able to retain an attorney to attend the local hearing for him; and the Commission had thus denied him his constitutional right to legal representation by virtue of the limitation placed upon the amount of fee which the at-

torney might charge or collect for representing him in the hearing before the Board of Review. The plaintiff further alleged that Section 7435, Miss. Code of 1942, Rec., imposing a limitation upon the amount of fees which counsel could charge for their services in proceedings before the Commission or Board of Review was unconstitutional and void for the reason that the legislature had no authority to delegate to the Commission the power to limit in any way fee arrangements arrived at between claimants and their attorneys. The plaintiff further alleged that, if the court should hold that Code Section 7435 was not unconstitutional, if construed properly, it was unconstitutional as interpreted by the Commission in Section D3(c) of the Appeals Regulations adopted by the Board of Review, for the reason that the fee schedule therein adopted was so grossly inadequate as to amount to prohibiting the plaintiff from obtaining legal counsel and assistance. And finally, the plaintiff alleged that the case should be sent back for a new trial with instructions that the Commission refrain from interfering with the relations between the plaintiff and his attorney as to the fee to be charged, and that the plaintiff be given a reasonable opportunity to employ an attorney of his choice at whatever cost to him he chose to pay.

The defendant Mississippi Employment Security Commission in its answer to the plaintiff's petition admitted that Section D3(c) of the Appeals Regulations of the Board of Review limited the fee which the claimant's attorney might charge for representing the claimant before the appeals referee and on the original hearing before the Board of Review to ten per cent of the amount involved in the controversy, provided that if ten per cent should be greater than $15 no fee in excess of $15 should be approved, and provided further, that no fees in regard to the entire proceedings before both the referee and the Board of Review should be ap-

proved for an amount in excess of $30. But the defendant denied that the claimant was unable to obtain the services of an attorney to investigate and prepare his initial claim for such fee; and the defendant denied that the claimant had been forced to trial with no preparation or investigation. The defendant denied that the claimant had been denied a fair and impartial hearing of his cause or that he had been denied his constitutional right to be represented by counsel. The defendant denied that Code Section 7435 or the appeals regulation referred to above was unconstitutional; and the defendant denied that the case should be reversed and sent back for a new hearing with instructions that the defendant should not interfere in any way, financially or otherwise, with the relations between the claimant and his attorney.

The cause was heard by the circuit court at the January 1963 term of the court and a judgment was entered on January 20, 1963, reversing the decision of the Board of Review and remanding the cause for a new hearing before the appeals referee so that the claimant might have competent counsel and contract with his counsel for a reasonable fee for services rendered. It was further ordered and adjudged that the appeals regulation cited above and also Sections D3(a) and D3(b) of the Appeals Regulations of the Board of Review, and Code Section 7435, supra, be declared unconstitutional and void and in violation of Section 25, Art. 3 of the Mississippi Constitution of 1890.

The appellant's attorney has assigned and argued four points as grounds for reversal of the judgment of the lower court:

1. That the appellee was not entitled to raise the constitutional questions presented in his petition for a judicial review for the reasons: (a) that he has not been injuriously affected thereby; (b) that he did not

exhaust his administrative remedies in regard to the constitutional rights alleged to have been denied.

2. That the circuit court erred in holding that Section 7435, Mississippi Code of 1942, Rec., was violative of Section 25, Art. 3 of the Mississippi Constitution of 1890.

3. That the circuit court erred in holding that Sections D3(a), D3(b) and D3(c) of the Appeals Regulations of the Board of Review, adopted under authority of Section 7385 and 7435 of the Mississippi Code of 1942, Rec., were violative of Section 25, Art. 3 of the State Constitution.

4. That the circuit court erred in refusing to decide the case upon its merits.

The record which we have before us shows that the appellee, Lynn Wilks, during the first part of the year 1961 and for a period of several years immediately prior thereto, was an employee of the Dixie Pine Products Company in the City of Hattiesburg. Dixie paid the employment compensation tax on its payroll and Wilks' employment was employment subject to the provisions of the Mississippi Employment Security Law. Dixie shut down its operations for an extended period during the month of May 1961, and the appellee thereafter filed claims for unemployment compensation benefits with the Employment Security Commission each week from May 13, 1961, through September 23, 1961, and was paid benefits for twenty consecutive weeks. The appellee thereafter filed an additional claim and was paid benefits for eight consecutive weeks from December 23, 1961, through February 10, 1962. A few days after the last mentioned payment of benefits to the appellee was made the appellant's state office discovered from wage reports filed by Jerry G. Alexander, an employer of Petal, Mississippi, that the appellee had earned wages during the third quarter of 1961 while working for the said Jerry G. Alexander, which he had

failed to report for the two weeks period during which he had worked for said employer. A field investigation was thereupon requested. It was found that the appellee had worked for Jerry G. Alexander during the first part of August 1961, and had failed to report his earnings of $19.75 when he filed his claim for unemployment benefits for the week ending August 5, 1961, and that the appellee had failed to report his earnings of $16.50 from Jerry G. Alexander when he filed his claim for the week ending August 12, 1961. A statement of the wages paid to the appellee and the dates of payment, signed by Jerry G. Alexander, was submitted to the appellee by a representative of the Commission for the appellee's inspection, and the appellee was asked why he failed to report the earnings shown on the statement. The appellee could give no reason of such failure other than that he did not think it would make any difference by not reporting them, and he understood that unless he was on a full time job it was not necessary to report earnings. The appellee admitted, however, that he was asked by the claimstaker each week whether or not he had performed any work and earned any wages.

On the basis of the evidence submitted by the examiner to the Commission, it was determined that the appellee's failure to report his earnings from Jerry G. Alexander for the two weeks in August was willful on his part and was for the purpose of obtaining or increasing benefits under the provisions of the law which he would not have been entitled to receive if he had reported said earnings. It was further determined that the appellee was ineligible and disqualified under Section 5(c) of the law for the benefits which had been paid to him for the weeks ending August 5, 1961, and August 12, 1961, and that an additional disqualification should be assessed against him for an additional period from February 21, 1962, to April 29, 1962, for such willful failure to report his earnings correctly. .;   .,

On February 26, 1962, the Commission mailed to the appellee notice of its initial determination of his disqualification and the reasons therefor. The appellee a few days later filed with the Commission an application for reconsideration of its initial determination. The matter was again considered by the Commission and the disqualification was reaffirmed. The appellee was notified of the decision, and on March 10, 1962, the appellee by his attorney gave notice to the Commission by letter that he desired to appeal from the Commission's initial determination. The request for an appeal was granted and after notice had been given to the appellee and his attorney of the time and place of the hearing, the appeals referee, on April 3, 1962, conducted a full and complete hearing in the office of the Commission in Hattiesburg, Mississippi, the place of residence of the appellee and his attorney. The appellee and his attorney appeared at the hearing, and the appellee testified as a witness in his own behalf and was interrogated at length by his own attorney. The field representative of the Commission also appeared and testified, and on April 16, 1962, the referee rendered his decision.

The referee found from the evidence that the claimant had worked and had wages payable to him in each of the calendar weeks ending August 5, 1961, and August 12, 1961, that he filed claims for benefits and was paid benefits for each of those weeks, and that he did not report that work to the claims taker, nor did he report the earnings on his claims for benefits. The referee found that the only real issue in the case seemed to be whether or not the claimant had willfully failed to report the earnings for the purpose of obtaining or increasing benefits under the Law; that the claimant's case seems to be primarily based upon the contention that he, having little education and being unintelligent, did not understand the reporting requirements. The

referee found that the appellee was questioned about work or earnings when he filed his weekly claims, that the appellee had the intelligence necessary to answer a simple inquiry as to whether he had performed any work; and that he, during each of the calendar weeks in question, had never reported the earnings, even though he continued to file claims weekly for several weeks after the work was performed. The referee therefore concluded that the claimant had willfully failed to report the earnings for the purpose of obtaining or increasing benefits under the law, and that the disqualification assessed under Section 5(c) of the Law was in order.

On April 23, 1962, the appellee by his attorney, filed with the Commission a motion for appeal and review by the Board of Review and a motion for approval of an attorney's fee equal to one-third of the amount of benefits, if any, recovered in his administrative appeals and one-half of the amount of benefits recovered if it should be necessary to prosecute an appeal to the circuit court or the Supreme Court, such attorney's fee having been agreed to by the claimant and his attorney and being contingent upon its approval by the Board of Review. On April 27, 1962, the Commission, by its acting general counsel, informed the appellee's attorney by letter that his motions for appeal and for approval of attorney's fee were being referred to the Board of Review to be set for hearing at the next meeting of the Board, which would probably be held on Wednesday, May 16, 1962. In his letter the acting general counsel also called the attention of the claimant's attorney to the provisions of Section 15(b) of the Security Law (Sec. 7435, Code of 1942, Rec.), which required that such fees be approved by the Board of Review, and Section D3(c) of the Appeals Regulations adopted by the Board of Review, limiting the amount of attorney's fees to be paid in such cases.

On May 2, 1962, the appellee's attorney informed the Commission, by letter, that since the request for a separate hearing of the motions had been refused, he was informing the appellee that he was withdrawing from the case, and was suggesting to the appellee that he immediately take such steps as were possible to obtain counsel willing to represent him in Jackson for $15. The appellee's attorney also stated in his letter that he was also advising the appellee that, in the event the Board of Review should rule against him, he would be willing to discuss with him the possibility of his representing the appellee on a charity basis in an appeal to the courts to test the constitutional validity of Code Section 7435 and the regulations of the Board of Review. On May 3, 1962, the appellee, by letter, informed the Board of Review that he was unable to employ a lawyer to go to Jackson with him for $15, and in his letter the appellee stated: "If you haven't heard from me by the time the case is to be tried, I wish you would go ahead and hear my appeal on the record."

On May 9, 1962, the Board of Review mailed to the appellee and to his attorney a notice that appellee's appeal would be heard by the Board of Review on Wednesday, May 16, 1962, in Room 201 of the Commission's office building at 1520 W. Capitol Street, in the City of Jackson. The notice stated: "If you have additional facts and evidence other than that previously given by letter or by testimony before the referee, you are requested to appear and be heard at said hearing on the matters involved in said claim. If you wish you may write a letter to the Board furnishing the additional facts. If you do not appear, the Board will consider your appeal and all correspondence and information which is a part of your claim record, and will render a decision based thereon." The notice also stated the following: "The claimant may bring with him a representative, if he wishes: but his fee, if any, must be

approved by the Board of Review. If witnesses are needed to help you present your case, you must arrange for their appearance at the hearing. Should a necessary witness refuse to appear, an application for a subpoena to compel his attendance may be obtained from the representative of the Mississippi Employment Security Commission in the local Employment Office.''

Neither the appellee nor his attorney appeared before the Board of Review on the date fixed for the hearing of appellee's claim; and the Board, as requested by the appellee in his letter of May 3, proceeded to review the transcript of testimony taken at the hearing before the appeals referee, together with all other pertinent documents and information contained in the Commission's files pertaining to the appellee's claim. After such review the Board took the appeal under consideration for determination at a later date, and on May 18, 1962, the Board rendered its decision sustaining the decision of the appeals referee and notified the appellee of its decision.

The Board of Review adopted as its findings of fact the findings of fact of the appeals referee as set forth in his decision of April 16, 1962. The Board was of the opinion that there was no error in the referee's finding that the appellee was subject to disqualification as provided in Section 5(c) of the Law, supra, and was not entitled to unemployment benefits for the periods of time specified in the referee's decision. The decision of the referee was therefore affirmed, and, on June 8, 1962, the appellee by his attorney filed his petition in the Circuit Court of Forrest County for a judicial review of the Board's decision, as provided for in Section 4(i) of the Employment Security Law (Laws 1958, Ch. 533, Sec. 4(i); Sec. 7388, Code of 1942, Rec.).

The main point argued by the appellee's attorney in his brief in support of the judgment of the trial court reversing the decision of the appeals referee and the

Board of Review is, that the appellee was deprived of his constitutional right to be represented by counsel of his own choice by virtue of the refusal of the Board of Review to approve, prior to the date set for the hearing of the appellee's appeal, the payment of an adequate attorney's fee to his attorney. But we think there is no merit in that contention. The only application for approval of an attorney's fee filed with the Board was the motion dated April 23, 1962, to which reference has been made above; and the Board, in our opinion, was under no duty to approve prior to its hearing of the cause on the merits a private contract entered into between the appellee and his attorney for the payment of an attorney's fee which the Board, after the hearing, might reasonably consider excessive.

We think the circuit court erred in its judgment reversing the decision of the Board of Review and remanding the cause for a new hearing before the appeals referee so that the appellee might have competent counsel and contract with his counsel for a reasonable fee for services rendered.

As stated above, the appellee was present and was represented by his attorney during the hearing before the appeals referee on April 3, 1962, and the appellee testified in his own behalf at that time. The appellee admitted that he had worked for Jerry G. Alexander five days in two separate weeks in August 1961, and that he was paid for all of the work in one check in the amount of $30 and some few cents. The appellee admitted that he did not report that work or those earnings in connection with his claim for benefits for the weeks ending August 5 and August 12, 1961, for which he claimed unemployment benefits, and he gave as his reason for failing to do so that he was thinking he might have a regular job, in which case he would report his earnings later. No request was made by the appellee or his attorney at that hearing for additional

time to procure evidence to show that the appellee was mentally incapable of forming an intent to defraud the Commission. The appellee did not appear before the Board of Review on May 16, 1962, the date set for the hearing of his appeal, and made no request for permission to present additional evidence at that time. The appellee merely requested that his appeal be considered by the Board on the record submitted, if he did not have an attorney to represent him. The appellee's attorney did not appear before the Board for the purpose of representing the appellee or for the purpose of presenting a motion for the approval by the Board of a reasonable attorney's fee in excess of the $30 limitation prescribed in Section D3(c) of the Appeals Regulation, in the event a decision should be rendered in favor of the claimant.

██ █ In view of the facts stated above we think that it cannot be said that the appellee was deprived of his constitutional right to legal representation by virtue of the limitation placed upon the amount of the fee which the attorney might charge or collect for representing him before the Board of Review. The appellee in his letter of May 3, 1962, had requested that the Board of Review consider his appeal on the record if he had no lawyer to represent him at the hearing. The appellee had a right to make that request, and the Board had a right to grant that request and to consider the appeal and affirm, modify or set aside the decision of the appeals referee on the basis of the evidence previously submitted at the hearing before the referee, as provided in Sections 4(e) and 4(f) of the Employment Security Law. (Ch. 583, Laws of 1958, Sections 7384 and 7385, Code of 1942, Rec.) After careful consideration of the appeal, the Board adopted as its own the findings of fact and affirmed the decision of the referee.

Section 4(i) of the Law (Ch. 533, Laws of 1958, Sec. 7388, Code of 1942, Rec.), provides that: "* * * In

any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law * * *.''

▉▉ ▉ After a careful examination of the record, which we now have before us, we think the findings of the appeals referee and the Board of Review as to the facts were supported by the evidence. ▉▉▉ ▉ There was no charge of fraud, and those findings, in our opinion, should have been accepted as conclusive by the circuit court on appeal. Mississippi Unemployment Compensation Commission et al. v. Avent (1941), 192 Miss. 85, 4 So. 2d 296.

▉▉ ▉ We also think the trial court erred in its holding that Code Section 7435, supra, limiting the fee which counsel may charge or receive for services rendered in a case of this kind to an amount approved by the Board of Review, was violative of Section 25, Article 3 of the State Constitution.

That part of Code Section 7435, which is under attack, provides as follows: ''* * * Any individual claiming benefits in any proceedings before the Commission or the Board of Review or their representatives or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the Board of Review. Any person who violates any provision of this subsection shall, for each such offense, be fined not less than $50.00 nor more than $500.00, or imprisoned for not more than six months, or both.''

Such provisions have been incorporated in similar statutes of other states and have been upheld by the courts which have passed upon the constitutionality of such provisions. Similar provisions have been incorpo-

rated in workmen's compensation acts and in acts of Congress relating to the prosecution of claims for pensions, and have been upheld by the state courts and the Federal courts in numerous cases.

In discussing statutory limitations upon the amount of the fee which an attorney may charge or receive in a case of this kind, the textwriter in 7 Am. Jur. 2d 187, 188, Attorneys at Law, Sec. 252, says: "A statute may validly limit the fee an attorney may charge or receive for prosecuting a claim under the act. The power to determine the fee in such cases may also be validly delegated to a board or commission. Typical of the statutes under consideration are those that limit a fee for prosecuting a claim under workmen's compensation acts, war risk insurance acts, pension acts, or war damage claims acts * * *." See also cases cited.

In Margolin v. United States (1925), 269 U. S. 93, 70 L. Ed. 176, 46 S. Ct. 64, the Supreme Court held that Section 13 of the War Risk Insurance Act, as amended May 20, 1918, forbids an attorney to charge more than three dollars for any services rendered a beneficiary in respect of a claim under the act for insurance on the life of a deceased soldier, when no action in court is instituted; and makes the violation of this prohibition a misdemeanor. In Re Minor's Guardianship (1933), 164 Miss. 329, 145 So. 507, this Court held that an insane soldier's estate cannot be taxed with more than ten dollars attorney's fee where the attorney procured compensation under a war risk policy without filing suit (World War Veterans' Act 1924, Section 500 as amended, 38 U.S.C.A. Sec. 551).

In Yeiser v. Dysart (Neb. 1925), 267 U. S. 540, 69 L. Ed. 775, 45 S. Ct. 399, the Court held that a state may restrict the fees chargeable by attorneys at law in cases arising under the state workmen's compen-

sation act without depriving them of property or liberty of contract in violation of the Fourteenth Amendment. In Re Yeiser (Neb. 1923), 192 N. W. 953, Affirmed. The Supreme Court in its opinion in that case said: "But the question is specific, whether we can pronounce this law unreasonable, against the opinion of the legislature and Supreme Court of the State. The Court adverts to the fact that a large proportion of those who come under the statute have to look to it in case of injury and need to be protected against improvident contracts, in the interest not only of themselves and their families but of the public. A somewhat similar principle has been sanctioned by this Court. Calhoun v. Massie, 253 U. S. 170. When we add the considerations that an attorney practices under a license from the State and that the subject matter is a right created by statute, it is obvious that the State may attach such conditions to the license in respect of such matters as it believes to be necessary in order to make it a public good."

In discussing similar provisions in Workmen's Compensation statutes, the textwriter in 58 Am. Jur., 915, Workmen's Compensation, Section 544, says: "Many of the compensation acts contain express and explicit provisions with respect to attorneys' fees for services in behalf of the claimant in proceedings thereunder.

"In some instances it is provided that no claim for legal services rendered on behalf of the claimant shall be a lien against the amount paid as compensation, or be valid or binding in any other respect, unless approved by the compensation commission, court, or judge. Provisions of this kind have been held constitutional whenever questioned, upon the ground that they are a valid exercise of the police power, as well as upon other grounds. Such a provision has been regarded as vesting in the Commission the power to use its discretion as to what is a proper fee in the individual case, and the courts generally are disinclined to reverse a board's

finding as to what is reasonable, at least unless gross abuse of discretion is clearly indicated * * *.

"It has been generally held, in view of the provision appearing in most compensation acts requiring approval of a claimant's attorneys' fees by a court or administrative body, that such fees may not be controlled by a private contract between a claimant and his attorney, or that a provision of this nature precludes the possibility of creating by contract a valid or enforceable claim against the compensation * * *." See also Anno.: 159 A.L.R., 926, Workmen's Compensation — Attorneys Fees, and cases cited.

At least two courts have passed upon the validity of statutory restrictions in the amounts of attorneys fees to be paid for the prosecution of claims under State Employment Security Acts similar to our own. In the case of Queener et al. v. Magnet Mills (1942), 179 Tenn. 416, 167 S. W. 2d 1, the Court held that it was the court's province to construe the Tennessee Unemployment Compensation Act so as to effect its expressly declared purpose of benefiting persons unemployed through no fault of their own, and that in proceedings under the Act the chancellor erred in approving claimants' contracts with their attorneys for fees, declaring lien on recovery to secure such fees, and ordering the Board of Review and Commissioner of Labor to deduct such fees from benefits paid to the petitioners and pay the sum deducted directly to the attorneys. The Court held that the claimants' attorneys, under the Act, must apply to the Board of Review to fix their fees and arrange with the claimants or their representatives for payment thereof.

In the case of Davis et al. v. Avnet et al. (1949), 192 Md. 626, 65 A. 2d 308, the Court held that a section of the Maryland Unemployment Compensation Law providing that counsel shall not charge or receive more for services in prosecuting a claim than an amount approved

by the Security Board was not a provision for collection of fees for the benefit of counsel but a limitation on the amount of fees for the benefit of claimants; Code Supp. 1947, Art. 95A, 15(b); and that counsel who accepted employment under the Unemployment Compensation Law to prosecute claims thereunder were subject to the provisions of the law respecting counsel fees. Code Supp. 1947, Art. 95A, Secs. 9(c), 15 (b)c. The Court in its opinion in that case said:

" * * *

"Section 15(b) and (c) provide: '(b) (Limitation of Fees) * * * Any individual claiming benefits in any proceeding before a special examiner, referee or the Board may be represented by counsel or other duly authorized agent; but no such agent, other than an attorney-at-law, shall either charge or accept for such services any remuneration whatever; and no such counsel shall either charge or receive for such services more than an amount approved by the Board * * *.'

"Plaintiffs say that 'any rule which will increase the incentive of attorneys to assist claimants with the difficult and intricate problems arising under the Act, in the face of severely destructive and grudgingly administered provisions for compensation, will aid in the ultimate end of the statute, while any interpretation which would discourage attorneys from lending their time, effort and skill to those seeking benefits in contested cases would oftentimes result in the defeat and nullification of the express purpose and intent of this legislation.' This argument should be addressed to the legislature, not to the courts. As the argument recognizes, the act reflects a different philosophy."

We are not called upon to consider at this time the question as to the validity or invalidity of the appeals regulations of the Board of Review referred to in the appellee's petition. Neither Section D3(a) nor Section D3(b) of the regulations has any bearing upon the issues

presented for our decision on this appeal; and, since the appellee's attorney did not appear before the Board of Review for the purpose of representing the appellee on the hearing before the Board or for the purpose of requesting approval of a reasonable attorney's fee for such representation, but on the contrary informed the Board in writing that he no longer represented the appellee, it is not necessary that we consider at this time the question as to the validity or invalidity of Section D3(c) of the appeals regulations.

For the reasons stated above the judgment of the lower court is reversed, and the findings of fact and the decision of the Board of Review will be reinstated, and judgment will be entered here in favor of the appellant.

Reversed and judgment rendered in favor of the appellant.

*McGehee, C. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.