HOLMES, Judge.
This is an appeal from the Circuit Court of Madison County. The trial judge granted summary judgment for the defendants as to plaintiff’s claim, pursuant to Rule 56, ARCP. Plaintiff now appeals the trial court’s action to this court.
We conclude that defendants’ motion for summary judgment was improperly granted by the able trial judge, and reverse and remand the cause.
The record reveals the following pertinent facts:
Defendants are partners engaged in the practice of law. In November of 1966, plaintiff entered into a contract with defendants whereby defendants were to prosecute plaintiff’s claim for damages against the Chrysler Corporation. This claim was based on the common law and the Alabama Employers’ Liability Act. A contingent fee of 50% was provided by the contract.
Suit was subsequently filed against Chrysler Corporation in the United States District Court for the Northern District of Alabama. Chrysler Corporation moved for summary judgment on the ground that the action should have been brought as a workmen’s compensation claim. This motion was granted by the court with leave to amend the complaint to claim workmen’s compensation, which was done.
The litigation resulted in judgment being awarded in plaintiff’s favor in June of 1969, for total permanent disability under the Alabama Workmen’s Compensation Act. The court awarded defendants attorney’s fees of 15% of plaintiff’s recovery, pursuant to Tit. 26, § 261, Code of Alabama 1940. Chrysler Corporation appealed the judgment to the United States Fifth Circuit Court of Appeals, which affirmed the action of the trial court in July of 1970. A rehearing was subsequently denied by the Fifth Circuit Court of Appeals sitting en banc, and in September of 1970 defendants received payment of the judgment against Chrysler Corporation in the amount of $16,-685.15. Defendants deducted their expenses of $2,073.37 from the judgment monies and divided the remainder equally between plaintiff and themselves, each receiving $7,305.89.
Plaintiff in August of 1973 filed suit against defendant seeking to recover $5,073.12, which sum plaintiff alleged was wrongfully withheld by defendants from the judgment against Chrysler Corporation. Plaintiff based her contention upon the fact that defendants withheld 50% of her recovery, after deduction of expenses, as attorneys’ fees, although the federal district *364 judge set a 15% attorneys’ fee under Tit. 26, § 261, Code of Alabama 1940. Defendants subsequently counterclaimed against plaintiff, alleging that she owed them money for services performed by them. In October of 1975, defendants moved for summary judgment in their favor as to both plaintiff’s claim and their counterclaims. Both parties submitted affidavits in connection with the motion, as provided by Rule 56, ARCP. The motion was granted by the trial court as to plaintiff's claim, and this appeal by plaintiff ensued.
The issue before this court, as presented by briefs of both parties, is: Does Tit. 26, § 261, Code of Alabama 1940, mandate that 15% of the amount of recovery is the maximum fee which an attorney may receive in a workmen’s compensation case where the fee is to be paid from the award? We answer in the affirmative, and reverse.
We initially note that defendants’ counterclaims were not ruled upon by the trial court in its disposition of the summary judgment motion, but were reserved, and as such are not before this court.
Rule 56, ARCP, providing for the summary judgment procedure, states in pertinent part:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .”
Although the manner of agreement entered into between the parties is disputed the law which controls this case renders that dispute immaterial. That law is found in § 261 of Tit. 26, Code of Alabama 1940, which is part of the Alabama Workmen’s Compensation law and provides as follows:
“Legal Services. — No part of the compensation payable under article 2 of this chapter shall be paid to attorneys for the claimant for legal services, unless upon the application of a claimant to a judge of the circuit court such judge shall order or approve of the employment of an attorney by the claimant and in such event the judge upon the hearing of the petition for compensation shall fix the fee of the attorney for the claimant for his legal services, and the manner of its payment, but such fee shall not exceed fifteen percent of the compensation awarded or paid.”
This statute, which as noted above was relied upon by the federal district judge in the trial of plaintiff’s claim, provides for a maximum attorney’s fee in all workmen’s compensation cases where the fee is to be paid from the award. In such cases, it mandates that an attorney petition the trial court for approval of his employment by the claimant. Following trial of the claim the court is to fix the attorney’s fee. The fee so set is not to exceed 15% of the compensation awarded to the claimant.
The fee-limitation provision of § 261 has been upheld against constitutional attack in Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; and Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879. Limitation of attorneys’ fees in workmen’s compensation cases has also been upheld as a valid exercise of the police power by the United States Supreme Court in Yeiser v. Dysart, 267 U.S. 540, 69 L.Ed. 775, 45 S.Ct. 399. See also 159 ALR 912, 926; and 7 Am.Jur.2d Attorneys at Law § 252.
Fee-limitation in workmen’s compensation cases exists for reasons well stated in Larson, The Law of Workmen’s Compensation, § 83.11, as follows:
“When, however, this practice [the rule that one pays one’s own legal fees as attorney and client may contract] is superimposed upon a closely calculated system of wage-loss benefits, a serious question arises whether the social objectives of the legislation may to some extent be thwarted.. The benefit scales are so tailored as to cover only the minimum support of the claimant during disability. There is nothing to indicate that the framers of the benefit rates included any padding to take care of legal and other expenses incurred in obtaining the award.”
*365 As the United States Supreme Court stated through Justice Holmes in Yeiser v. Dysart, supra:
“The Court adverts to the fact that a large proportion of those who come under the statute have to look to it in case of injury and need to be protected against improvident contracts, in the interest not only of themselves and their families but of the public. . . . ” (45 S.Ct. at 400)
In this instance, under the facts as shown above, the mandatory operation of § 261 renders ineffectual any contract between claimant and attorney as to fees. As was stated by the Alabama Supreme Court in the case of Gulf States Steel v. Christison, 228 Ala. 622, 154 So. 565, concerning the statutory predecessor of § 261:
“We think that the effect of that petition and order was to give record notice to the parties to the suit, that, regardless of any contract between plaintiff and his counsel, they were to be paid out of the award an amount to be fixed by the judge contingent upon the amount of such award.” [Emphasis supplied.] (228 Ala. at 627, 154 So. at 568)
That part of the contract between plaintiff and defendants which specified.a 50% contingent fee arrangement was thus of no force and effect once plaintiff’s claim was prosecuted under the Workmen’s Compensation Act. Accordingly, the maximum fee to which defendants were entitled was 15% of plaintiff’s recovery.
As seen by the above discussion, the learned trial judge erred to reversal by his granting of defendants’ motion for summary judgment. The case is therefore due to be and is reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.