BRADLEY, Judge.
Plaintiff appeals and defendant-partnership cross-appeals from a final judgment rendered by the Circuit Court of Madison County which awarded plaintiff a recovery of $7,431.60 and which denied the partnership’s counterclaims.
The prior opinion in this cause may be found at Sokoll v. Humphrey, Lutz & Smith, Ala.Civ.App., 337 So.2d 362, cert. den. Ala., 337 So.2d 365 (1976).
This appeal concerns a dispute between the partnership and its former client about funds recovered as a judgment in a workmen’s compensation case handled for the former client by the partnership. Plaintiff-appellant’s principal contentions on appeal are that the trial court erred in awarding her a sum that is insufficient and which is not in conformance with the evidence, and erred in failing to award her the five percent per month statutory damages mandated by Code of Alabama 1975, § 6-6-740. The principal contentions of the partnership in its cross-appeal are that the trial court erred in its award to plaintiff of accrued interest, erred in denying its counterclaim, and erred by admitting certain testimony into evidence in contravention of the “dead-man’s statute,” Code of Alabama 1975, § 12-21-163.
In our prior opinion in this cause, Sokoll v. Humphrey, Lutz & Smith, Ala.Civ.App., 337 So.2d 362, cert. den. Ala., 337 So.2d 365 (1976), we set forth some of the facts pertinent to the present appeal as follows:
Defendants are partners engaged in the practice of law. In November of 1966, plaintiff entered into a contract with defendants whereby defendants were to prosecute plaintiff’s claim for damages against the Chrysler Corporation. This claim was based on the common law and the Alabama Employers’ Liability Act. A contingent fee of 50% was provided by the contract.
Suit was subsequently filed against Chrysler Corporation in the United States District Court for the Northern District of Alabama. Chrysler Corporation moved for summary judgment on the ground that the action should have been brought as a workmen’s compensation claim. This motion was granted by the court with leave to amend the complaint to claim workmen’s compensation, which was done.
The litigation resulted in judgment being awarded in plaintiff’s favor in June of 1969, for total permanent disability under the Alabama Workmen’s Compensation Act. The court awarded defendants attorney’s fees of 15% of plaintiff’s recovery, pursuant to Tit. 26, § 261, Code of Alabama 1940. Chrysler Corporation appealed the judgment to the United States Fifth Circuit Court of Appeals, which affirmed the action of the trial court in July of 1970. A rehearing was subsequently denied by the Fifth Circuit Court of Appeals sitting en banc, and in *842 September of 1970 defendants received payment of the judgment against Chrysler Corporation in the amount of $16,-685.15. Defendants deducted their expenses of $2,073.37 from the judgment monies and divided the remainder equally between plaintiff and themselves, each receiving $7,305.89.
Plaintiff in August of 1973 filed suit against defendant seeking to recover $5,073.12, which sum plaintiff alleged was wrongfully withheld by defendants from the judgment against Chrysler Corporation. Plaintiff based her contention upon the fact that defendants withheld 50% of her recovery, after deduction of expenses, as attorneys’ fees, although the federal district judge set a 15% attorneys’ fee under Tit. 26, § 261, Code of Alabama 1940 [currently codified at Code of Alabama 1975, § 25-5-90]. Defendants subsequently counterclaimed against plaintiff, alleging that she owed them money for services performed by them. In October of 1975, defendants moved for summary judgment in their favor as to both plaintiff’s claim and their counterclaims. Both parties submitted affidavits in connection with the motion, as provided by Rule 56, ARCP. The motion was granted by the trial court as to plaintiff’s claim, and this appeal by plaintiff ensued.
This court reversed the trial court’s granting of defendants’ motion for summary judgment, holding that once plaintiff’s claim was prosecuted under the Workmen’s Compensation Act, that part of the contract between the parties which specified a fifty percent contingent fee arrangement was no longer valid. Sokoll, supra.
Edgar E. Smith, a party defendant and a member of defendant-partnership, died in August 1977. Mary Smith, his widow and administratrix of his estate, was substituted as a party defendant. Amended answers and counterclaims were filed by the parties.
The day before this cause was to be heard, the defendants paid into court the sum of $9,379.26, i. e. the amount of the entire judgment received in the suit against Chrysler Corporation less that amount previously turned over to plaintiff.
The trial court, sitting without a jury, held a hearing on May 30, 1978. On June 1, 1978 plaintiff filed a motion to amend her complaint to conform to the evidence under Rule 15(b), ARCP.
Her original complaint had alleged that defendants owed her $5,073.12 for money had and received. Her amended complaint alleged that while defendants had paid her $7,305.89 of the workmen’s compensation recovery, they should have paid her $14,-452.38, that being the amount of the recovery less the fifteen percent attorney’s fees set by the United States District Court judgment. She alleged a demand and refusal on or about September 25, 1970 for this additional amount.
Her amended complaint demanded judgment as follows:
Wherefore, the plaintiff demands judgment against the defendants in this cause for the sum of $7,146.49 which is the total of the recovery of her judgment in said workmen’s compensation suit minus the amount that she has been paid and the allotted attorney’s fee. In addition thereto, she demands judgment against the defendants in the sum of $43,144.59 for the penalty against the defendants for their failure to deposit the aggregate amount of money in their possession with the Circuit Clerk as provided by the Code of Alabama 1975, Section 6-6-740, for a total of $50,291.08, plus costs and interest.
From the record it does not appear that the trial court ruled on plaintiff’s motion to amend her Complaint.
The trial court on June 26,1978 entered a final judgment for plaintiff in the amount of $7,431.60, representing the sum of $5,073.12 and interest on the same at the rate of six percent per annum from September 25, 1970 (the date plaintiff alleged that defendants refused her demand for the remaining portion of the judgment monies) to the date of the final judgment. The parties to this appeal mutually agree in brief that the sum of $5,073.12, used by the trial court in computing the amount of the judgment, represents the $16,685.15 recov *843 ery from Chrysler Corporation, less litigation expenses incurred by Smith in the investigation of plaintiff’s tort claim and the investigation and prosecution to final judgment of plaintiff’s claim for workmen’s compensation benefits, less attorney’s fees of $2,232.77, and less the $7,305.89 of that recovery received by plaintiff in 1970. (The funds for the expenses were advanced by defendants during the course of their representation of plaintiff in that suit.)
The issues before this court, as summarized from the briefs of both parties, are: (1) whether the trial court properly allowed deduction of the expenses of $2,073.37 from the total recovery for the workmen’s compensation claim in computing the amount of plaintiff’s judgment in the instant case; (2) whether the trial court erred in failing to award plaintiff the sum of $9,379.26, which sum represents the amount of the recovery under the workmen’s compensation claim less that portion of the recovery previously turned over to plaintiff in 1970; (3) whether the trial court erred in failing to assess against defendants the five percent per month statutory damages as provided for under Code of Alabama 1975, § 6-6-740; (4) whether the trial court erred in awarding plaintiff the six percent accrued interest; (5) whether the trial court erred in denying defendants’ counterclaims; and (6) whether the trial court erred in allowing plaintiff to testify concerning her transactions and conversations with Edgar E. Smith, deceased.
As noted above, the trial court, in computing the amount still owed to plaintiff by defendants, obviously deducted the expenses of $2,073.37 from the total workmen’s compensation recovery of $16,685.15. By so doing, the trial court committed error.
In our first opinion in this cause, Sokoll, supra, we quoted a statement from Larson, The Law of Workmen’s Compensation, § 83.11, as follows:
When, however, this practice [the rule that one pays one’s own legal fees as attorney and client may contract] is superimposed upon a closely calculated system of wage-loss benefits, a serious question arises whether the social objectives of the legislation may to some extent be thwarted. The benefit scales are so tailored as to cover only the minimum support of the claimant during disability. There is nothing to indicate that the framers of the benefit rates included any padding to take care of legal and other expenses incurred in obtaining the award.
We also said in the first Sokoll case that, “the mandatory operation of section 261 renders ineffectual any contract between claimant and attorney as to fees.”
The effect of section 261, now § 25-5-90, and what we said in the first Sokoll case is to limit the attorney in workmen’s compensation cases to a maximum recovery of fifteen percent of the award made to the client. Such a construction of § 25-5-90 prevents a recovery by the attorney of expenses that may have been expended on behalf of the client to prosecute a workmen’s compensation case to a conclusion. Consequently, the $2,073.37 expended on behalf of plaintiff by defendants was improperly allowed as a deduction from plaintiff’s total workmen’s compensation recovery in computing the amount due plaintiff in this case.
We fully realize the difficulties which may arise in some instances as a result of this construction of the statute. However, change in the statute must come from the legislature.
The other principal issues concern that portion of the judgment which awarded plaintiff interest on the amount found to be owed her, but which failed to award her the five percent per month statutory damages as provided under § 6-6 — 740. Plaintiff contends that the trial court also should have awarded her the statutory damages in the amount of $43,144.59. On the other hand, defendants argue that their payment into court of the disputed amount precluded the trial court from awarding plaintiff either the interest or the statutory damages.
Code of Alabama 1975, § 6-6-740, provides in pertinent part:
*844 (a) Judgment may, in like manner, be summarily entered against any attorney-at-law in this state who fails to pay over money collected by him ... in that capacity, whether by an action or otherwise, on demand made by the person entitled thereto, his agent or attorney for the amount collected . . . less the amount due the attorney for fees or compensation for services, interest thereon and damages at the rate of five percent a month, after such demand, on the aggregate amount, in the circuit court of the county in which such attorney resides or, if he has no known place of residence in this state, in the circuit court of any county, on three days’ personal notice; but such attorney may, if a doubt exists as to the right of the person making the demand or if there is a dispute as to the compensation due the attorney for the collection or recovery of the money . pay the money into court ... at the trial of such motion and have such questions there decided without being liable for interest or damages.
From the record it appears that defendants have complied with the ameliorating provisions of § 6-6-740 by having paid into court the disputed amount. Such payment releases an attorney from liability for the statutory damages or interest in the event the attorney’s client prevails on a motion under that statute.
However, the existence of that statutory summary remedy does not prevent a client from instituting a civil action to recover monies alleged to have been wrongfully withheld by an attorney. See, e. g., Bromberg v. Sands, 127 Ala. 411, 30 So. 510 (1900) and Gunn v. Howell, 35 Ala. 144 (1859) (actions against attorneys for money had and received instituted subsequent to the creation of the summary remedy in the statutory predecessor to § 6-6-740). See also, Annot., 22 A.L.R. 1501 (1923) (stating that the availability of the statutory remedy has been held not to deprive the client of his common-law remedy).
Plaintiff’s amended complaint, filed after the trial in this cause, superseded her original complaint. Wilson v. First Houston Investment Corporation, 566 F.2d 1235 (5th Cir. 1978). This amended complaint alleged facts sufficient to support a judgment for money had and received. It set forth defendants’ receipt of the payment of the workmen’s compensation judgment, and defendants’, refusal to turn over to plaintiff the entire amount of those funds less the attorney’s fees set by the United States District Court judgment.
Interest, in this state, has long been regarded not as the mere incident of a debt, attaching only to contracts express or implied, for the payment of money, but as compensation for the use or for the detention of money. Whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt, or as compensation for a breach of duty, or for the failure to keep a contract, interest attaches as an incident. State v. Lott, 69 Ala. 147 (1881). See also, Ingersoll v. Campbell, 46 Ala. 282 (1871) (an action for money had and received; the court’s opinion holding that when a bailee is to keep the money of another on deposit until demanded, and on demand refuses without reasonable excuse to deliver such money, he thereby renders himself liable to the payment of interest from the time of the demand). Consequently, we find no error in the trial court’s award of interest to plaintiff.
Nor can we agree the trial court erred in failing to render judgment for plaintiff under § 6-6-740. The decision to allow a plaintiff-client to proceed summarily against an attorney under statute such as that in question rests within the sound discretion of the trial court. Annot., 22 A.L.R. 1501 (1923). Permission to so proceed is often denied where, as here, a factual dispute exists; and the client is required to seek redress through a civil action. Id.; 7 C.J.S. Attorney and Client § 159 (1937); 7 Am.Jur.2d Attorneys at Law §§ 191-195 (1963).
The trial court in the case at bar never expressly authorized the summary proceed *845 ing provided for in § 6 — 6—740. It is obvious from the judgment that the trial court awarded plaintiff a recovery for money had and received. In view of the fact that the complaint and the evidence support that judgment, we think the trial court properly determined that plaintiff was due interest from the date of her demand on September 25, 1970 on the amount to which she was entitled, § 6-6-740 notwithstanding.
It follows from what we have said that the amount that should have been awarded to plaintiff is $6,876.49 plus interest at six percent from September 25, 1970, the date payment was demanded by plaintiff, to June 26,1978, the date of final judgment in the trial court. The amount of $6,876.49 results from deducting $2,502.77, the amount of the attorney’s fee, which is fifteen percent of $16,685.15, from $16,685.15, then deducting from that amount, i. e. $14,-182.38, the $7,305.89 previously paid to plaintiff, leaving $6,876.49.
We think our determination of the issues herein discussed is dispositive of this appeal. We agree with the trial court that defendants’ counterclaims are without merit, and no purpose would be served by setting forth the evidence relating thereto. Nor do we think the trial court committed reversible error in allowing plaintiff to testify concerning her conversations with Edgar Smith, deceased. The record, excluding the contested testimony, reveals sufficient evidence to conclusively establish that plaintiff hired defendants to represent her and that plaintiff obtained a workmen’s compensation recovery in the federal court action. These facts alone mandate application of § 25-5-90, which limits the maximum allowance for defendants’ attorneys’ fees to fifteen percent of plaintiff’s award. Thus, reliance on the contested testimony is not necessary to support a finding that the maximum amount due defendants as attorneys’ fees is so limited.
The judgment of the trial court is reversed and the cause remanded to the trial court for entry of judgment in favor of plaintiff for $6,876.49 plus interest at the rate of six percent from September 25,1970 to June 26, 1978, the date of judgment.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and HOLMES, J., concur.