MADDOX, Justice.
These cases arise out of a client’s dispute with her attorney over the proper distribution of a workmen’s compensation award. Both parties, being dissatisfied with certain portions of the opinion of the Court of Civil Appeals, petitioned this Court for a writ of certiorari. We granted both petitions and consolidated the cases. The two petitions present two issues:
(1) Does Code 1975, § 25-5-90 prohibit reimbursement of necessary and reasonable expenses of litigation advanced by an attorney in the successful prosecution of a workmen’s compensation claim out of the client’s award of compensation in addition to the attorney’s fee fixed by the trial court at the statutory maximum of 15 percent of the award?
(2) Does Code 1975, § 6-6-740 exempt an attorney from liability for interest and penalties upon an amount ultimately held to be due his client upon a disputed demand when the attorney has paid into court before trial the whole disputed sum?
The facts are discussed at length in the opinion of the Court of Civil Appeals. Sokoll v. Humphrey, Lutz & Smith [MS. March 28, 1979] 380 So.2d 840 (Ala.Civ.App.1979). We will not restate the facts or the holding made by the Court of Civil Appeals because the published opinion of that court adequately covers both.
We now address the two questions presented. We answer question number one in the negative. Code 1975, § 25-5-90 states that the court “. . . shall fix the fee of the attorney for the plaintiff for his legal services . . . .” We hold that the legislature did not intend that costs and expenses of litigation should be included within the 15 percent maximum of “fee for . . . legal services . .” The holding of the Court of Civil Appeals to the contrary is incorrect. We answer question number two in the *847 affirmative and affirm the judgment of the Court of Civil Appeals insofar as it found that the attorney was not liable for the statutory penalties, but reverse the judgment of the court insofar as it finds that the attorney was liable for interest. .
It is abundantly clear from the record on appeal that the client claims she was entitled to the benefits of Code 1975, § 6-6-740, regarding both interest and penalties. We agree with the Court of Civil Appeals that “the existence of that statutory summary remedy does not prevent a client from instituting a civil action to recover monies alleged to have been wrongfully withheld by an attorney,” but we disagree with that court that a client can recover interest if the disputed sum is paid into court as provided in § 6-6-740. In short, while a client is not limited in the type of remedy he pursues, he is limited by § 6-6-740 on the recovery of interest and penalties.
The judgment of the Court of Civil Appeals is due to be affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Justices concur, except BLOOD-WORTH, J., not sitting.