**Carl CORNELIOUS, Joan Harvill, Appellants,**

v.

**DISTRICT OF COLUMBIA EMPLOYEES' COMPENSATION APPEALS BOARD, Appellees.**

**No. 96–CV–72.**

District of Columbia Court of Appeals.

Submitted Sept. 4, 1997

Decided Oct. 30, 1997.

---

Joan A. Harvill, for appellants.

Jo Anne Robinson, Interim Corporation Counsel, with whom Charles L. Reischel, Deputy Corporation Counsel, and Edward E. Schwab, Assistant Corporation Counsel, were on the brief, for appellee.

Before WAGNER, Chief Judge, and KING, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

■ Appellants assert that the rules regulating attorney's fees for contested worker's compensation claims arising under the Merit Personnel Act, D.C.Code Title 1–624.1 *et seq.* (1992 Repl. & 1997 Supp.) violate the Due Process Clause of the Fifth Amendment. We disagree and therefore affirm.

## I.

Appellant Carl Cornelious worked for the Department of Corrections when he was injured on the job. He received disability compensation benefits which were later discontinued. He retained appellant Joan Harvill, an attorney, to assist him in getting his benefits reinstated. Cornelious signed two contingent fee agreements, the latter of which provided that he would pay Harvill twenty percent of any recovery "or what ever sum the statute in effect sets." Harvill filed a motion to reconsider the denial of benefits and a petition for review before the Employee Compensation Appeals Board (ECAB) of the adverse decision. The ECAB reinstated the "temporary total disability compensation," which resulted in a $96,243.60 lump sum payment and bi-weekly compensation benefits of $800.00 to Cornelious.

Cornelious paid Harvill $19,248.72 (representing twenty percent of the lump sum payment) and Harvill sought approval of the fee from ECAB. ECAB staff asked Harvill to supply an itemization of the work performed, dates of the work, time necessary to perform the work, and the hourly rate charged. Harvill declined to provide such information.

ECAB denied the fee application because it had no authority to approve a contingent fee, and under its rules such a fee agreement is invalid. The Superior Court affirmed the ECAB order. Appellants filed a timely notice of appeal.

## II.

■ When we review the Superior Court's decision, "we approach the case as if the appeal arose directly from the administrative agency." *Kennedy v. District of Columbia,* 654 A.2d 847, 853 (D.C.1994). We "can only reverse the [agency's] findings of fact if they were unsupported by substantial evidence, and overturn their ruling on the questioned conduct if plainly erroneous or inconsistent with the pertinent regulatory scheme." *Id.* at 854 (citation omitted).

Appellants maintain the statute, D.C.Code § 1–624.27 (1992 Repl.), and municipal regulations, 7 DCMR §§ 109.1 through 109.6 and 1320.3, violate the Due Process Clause of the Fifth Amendment. The statute requires a claim for compensation under the Comprehensive Merit Personnel Act, D.C.Code § 1–624.2 to 1–624.46, be approved by the Mayor. The regulations preclude a contingent fee, 7 DCMR § 1320.2, set out what must be included in a fee application, 7 DCMR § 109.3, and establish the standards that the ECAB must apply in deciding a fee application, 7 DCMR § 109.5.

Because similar statutes and regulations in federal programs have survived constitutional challenge, appellants' argument is not persuasive. The Supreme Court has upheld a state's ability to limit the amount of compensation an attorney can demand in bringing a suit under the state's workers' compensation act. *Yeiser v. Dysart,* 267 U.S. 540, 541, 45 S.Ct. 399, 400, 69 L.Ed. 775 (1925). The Longshore and Harbor Workers' Compensation Act (LHWCA) prohibits an attorney from receiving a fee unless approved by the

appropriate agency or court and such a provision, and administration of the provision, has been upheld by the Supreme Court. *United States Dep't of Labor v. Triplett,* 494 U.S. 715, 717–26, 110 S.Ct. 1428, 1430–35, 108 L.Ed.2d 701 (1990) (upholding the LHWCA provision, as incorporated into the Black Lung Benefits Act of 1972, against Fifth Amendment Due Process challenge); *see also Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985) (statutory limit of $10 fee for attorney or agent representing a veteran seeking benefits for service-connected death or disability does not violate the Due Process Clause of the Fifth Amendment); *see also* 33 U.S.C. § 928(a) (1994) (attorney's fees under the LHWCA); 5 U.S.C. § 8127(b) (1994) (attorney's fees for work injuries for government employees). In *Triplett,* like the regulations in the instant case, the Department of Labor established regulations that invalidate all contractual agreements for fees, require the Department not to approve a fee if the claimant was unsuccessful, and create factors to guide the Department in awarding a fee "reasonably commensurate" with the work done. 494 U.S. at 718, 110 S.Ct. at 1430; *see also* 20 C.F.R. § 501.11 (1997) (prohibiting contingent fees for Department of Labor proceedings under the federal employees' compensation act). On balance, we reject this contention.

Citing *Triplett, supra,* 494 U.S. at 715, 110 S.Ct. at 1429, appellants' also contend that the government regulation makes it difficult to retain legal services and is therefore unconstitutional. Appellants offered sworn evidence by injured District workers concerning their inability to hire lawyers for their claims, a news report in which several attorneys concluded the District's regulations caused the firms to shun these cases, and evidence that the District of Columbia Bar Lawyer Referral Service could not interest more than two attorneys to accept referrals of these claims.

This evidence is insufficient to establish unconstitutionality of the system under *Triplett.* The Supreme Court announced that such a showing would require proof "(1) that claimants could not obtain representation,

and (2) that this unavailability of attorneys was attributable to the Government's fee regime." *Triplett, supra,* 494 U.S. at 722, 110 S.Ct. at 1433. In that case, the Court reviewed the "factual record" which consisted of testimony of two lawyers in the proceeding, five affidavits attached to an *amicus* brief to the court, and statements by attorneys in hearings before a House of Representatives Subcommittee. *Id.* at 723, 110 S.Ct. at 1433. The Court concluded that "this sort of anecdotal evidence will not overcome the presumption of regularity and constitutionality to which a program established by Congress is entitled." *Id.* (citing *Walters, supra,* 473 U.S. at 324 n. 11, 105 S.Ct. at 3190 n. 11). The factual evidence in the instant case is similarly "small in volume, anecdotal in character, and self-interested in motivation." *Triplett, supra,* 494 U.S. at 725, 110 S.Ct. at 1434. We also agree with the ECAB in that there is no nexus between the alleged problems cited in the factual evidence and the present case. ECAB acted on appellant Harvill's application after she refused to provide the requested information concerning her billing and ECAB asserts, and we agree, that it was her refusal that caused the denial of the fees.

In sum, we find no error in the ECAB's order denying appellant Harvill the requested fee. The ECAB applied the regulations which specifically prohibit contingency fees.

*Affirmed.*